## PETTYGROVE *vs.* HOYT *&* al.

A sued out a writ of replevin against B and gave bond in the form prescribed by law, but neglected to enter his writ at the term of the Court to which it was returnable; whereupon B ·filed a complaint *for his costs,* omitting therein to pray for *a return of the goods.* Execution issued for the *costs* only, and was satisfied; and then B brought his suit upon the replevin bond.— *Held* that the action could not be maintained.

In this action, which was debt on a replevin bond, the parties agreed on the following statement of facts. *Hoyt,* the present defendant, sued out his writ of replevin against *Pettygrove,* for a schooner boat, the value of which, as stated in the writ and bond, was $175. The writ was duly served on the execution of the bond now put in suit, which was in the form prescribed by statute; and the boat was thereupon delivered to *Hoyt.* The writ of replevin was not entered at the term of the Court to which it was made returnable, and *Pettygrove* filed a complaint *for costs,* but made no claim in it, for *a return of the boat.* No return was ordered by the Court;—no writ of return issued;—and no return was ever in fact made. Execution issued in favor of *Pettygrove* for his costs, which were paid by *Hoyt.*

If upon these facts, the Court should be of opinion, that there had been a breach of the bond, it was agreed, that the defendants should be defaulted, and the damages assessed by the Court.

*A. G. Chandler*, for the plaintiff.

The case presents two questions. 1. Whether there has been a breach of the condition of the bond, and if so, then 2. what should be the measure of damages.

It is contended, that as the original plaintiff in replevin did not enter his action in Court, he did not *prosecute it to final judgment*, which, it is a condition of the bond he should do; and that thereby the condition of the bond has been broken. Here then the question arises, what is *prosecuting said replevin suit to final judgment* within the meaning of the condition of the bond?

The mode of proceeding in replevin suits, is in several respects different from all others. One of no slight importance is, that before judgment and determination in whom the right in the property in question is, it invades or disregards the *apparent* right, and title, that which pertains to the possession; takes it from the possessor and transfers it to one merely claiming it as his without any *evidence* of title. To prevent the gross abuses and injustice which would otherwise result from this course, the law makes it a condition precedent to the disturbance of the possession and to the delivery of the property to the plaintiff in replevin, that he shall undertake to procure a decision, a judgment of Court in his action, upon the question, to whom does the property rightfully belong. The law goes far in changing the possession of the property, before it is known to whom it belongs, and is careful to make provision that the wrong, if any thereby has been done, shall be corrected by him who caused it. He must therefore give bond, to proceed in said action and to procure a final judgment therein.

Such being the *object* of the law, it would seem to follow that the *final judgment* contemplated should be such an one as would make an end of the question in the suit.

True, it is said in *Badlam* v. *Tucker*, 1 *Pick.* 286, that any judgment, is a final judgment, which terminates the suit, whether on the merits or not. This may be true in one sense, but not without some qualification or limitation in the sense in which that expression is used in the bond; for it is said on the same page that neither a judgment on nonsuit, or discontinuance, is a final judg-

ment within the meaning of the bond, though they both terminate the suit.

What that qualification or limitation is, is implied, in part at least, in the language used in the condition of the bond. It is to "*prosecute* the said replevin to final judgment." The plaintiff in replevin is to *prosecute*, by his *proceeding* to *procure*, and obtain the rendition of a judgment, final in the suit. Not that there shall be a judgment in consequence or resulting from his not prosecuting or proceeding. Hence the judgment on nonsuit and discontinuance are not such judgments as are intended, in the condition of the bond. The object in requiring the plaintiff in replevin to prosecute to final judgment, shows that judgments on nonsuit and discontinuance are not such as the bond contemplates. On the rendition of such judgments the bond is forfeited. Much more then is the bond *forfeited*, when the plaintiff in replevin omits to enter his action in Court, so that there is no judgment whatever "*in said replevin suit:*" for the judgment of Court for defendant's cost in a complaint filed therefor, is not a judgment "*in said replevin suit;*" for that suit is not then in existence, and this judgment for cost, is rendered because it is not in existence.

In England, the requisition in replevin suits is "to prosecute with effect," and this has been construed to be synonymous with ours "to prosecute to final judgment." *Dane's Abr. ch.* 171 *a.* 6, *sec.* 1; *Badlam* v. *Tucker,* 1 *Pick.* 286; *Carthew,* 519; 2 *Selwyn's N. P.* 1117, *note* 8.

*Mr. C.* then discussed at some length the question of damages.

*Bridges,* for the defendant, cited *Maine Stat. ch.* 80, *sec.* 4; *Bruce* v. *Learned,* 4 *Mass.* 618; *Ladd* v. *North,* 2 *Mass.* 516; *Arnold* v. *Allen and al.* 8 *Mass.* 150; *Turner* v. *Turner,* 2 *Brod. and Bing.* 37; *Badlam* v. *Tucker,* 1 *Pick.* 286.

The opinion of the Court was delivered by

MELLEN C. J. — The condition of the bond declared on is in the legal form; namely, that *Hoyt,* the plaintiff in the action of replevin, should prosecute the said replevin to final judgment, and pay such *damages* and *costs* as the said *Pettygrove* should *recover* against him; and also *return* and *restore* the boat replevied, in like good order and condition, as when taken, in case such should

be the final judgment. In the *4th section* of *ch.* 80 of the revised statutes it is enacted, among other things, that " in case the plaintiff in replevin shall neglect to enter and prosecute the suit, the defendant may, upon complaint, have *judgment* for a *return* and *restoration* of the goods and chattels replevied, and the *damages* for the taking, to the amount of six per cent. on the bond, with reasonable costs." The bond is given with sureties to secure to the defendant in replevin the complete execution of the *judgment* which he may recover against the plaintiff. The judgment and execution thereon are sufficient to compel the plaintiff to do justice, if he has property to pay damages and costs, and to obtain a return and restoration of the property replevied, if not eloigned ; but in failure of a satisfaction of the judgment by statute process, the bond must be resorted to, in order to reach the sureties, and compel *them* to pay damages, equal to the injury sustained, by the neglect of the principal to satisfy the judgment in all respects. The *sureties* are bound to perform what the *principal* was *adjudged* to perform, or must pay damages as an equivalent for performance. It is a familiar principle that the Court cannot enlarge or vary the condition of the bond. The view we have thus taken will simplify the cause and lead us in a direct course to the legal conclusion. We have seen by the part of the *4th sec.* above quoted, that *Pettygrove* was entitled, upon his complaint to a judgment for a *return* of the boat, for *damages* and *costs*, because the original plaintiff neglected to enter and prosecute the replevin : but for some reason, he prayed and had a judgment *for costs only.* The Court observe, in the case of *Badlam* v. *Tucker*, 1 *Pick.* 284, " whenever the defendant in replevin is entitled to a return, he should move for it on the rendition of such judgment." It is very clear that a *nonsuit* or a *discontinuance* is a breach of the condition of the bond : and so also is a failure to *enter* and *prosecute* the action : for the original plaintiff was not prevented by the act of God, as by death. But though the condition of the bond was thus violated, the question is, whether the present action is maintainable, in the peculiar circumstances of the case ; the judgment *for costs* having been satisfied, and no judgment for a *return* or for *damages* having ever been rendered. As we have stated before, by the condition, the

obligors were bound to pay the obligee such *damages* as he should *recover*, and he recovered *none*; and *return the boat*, if such should be the *final judgment*; and there never was any such judgment. All these facts are placed before us in the simple form of a statement of facts; and all are to be considered upon their merits, without any reference to *form*, or technical learning; and notwithstanding the labored argument of the plaintiff's counsel, we are unable to find any solid ground on which the action can be sustained. — Accordingly a nonsuit must be entered.