Thomas Smallwood *versus* Milford P. Norton & *al.*

In a suit against an attorney for negligence, it is sufficient proof that he was employed, to show that he acted and was recognized on the records of the Court as acting as such.

An attorney charged with the collection of a demand, having procured an attachment to be made of the debtor's property, which was replevied from the possession of the officer making the attachment, is bound to act as such in the defence of the replevin suit, and is responsible if he is guilty of negligence in the defence.  '

He cannot relieve himself from responsibility by the employment or substitution of other counsel.

If the plaintiff in replevin becomes nonsuit, it is the duty of the counsel for the defendant, for the omission of which they are responsible, to move for judgment for a return of the property replevied, and that the writ be placed on file, that the record may be properly made up.

Without such judgment, a failure to return would not be a breach of the bond.

In a suit on the bond in a replevin suit, where the plaintiff had become nonsuit, evidence would not be admissible, in reduction of damages to show that the property was in the plaintiff.

In a suit against an attorney for negligence in not moving for a return of property replevied in a suit in which the plaintiff in replevin had become nonsuit, and that the writ should be placed on file, it is not competent for him to show, in reduction of damages, that the plaintiff in replevin was the real owner of the property replevied.

This was assumpsit against the defendants, for neglect of duty, as attorneys at law.

On the trial of the cause, before Emery J. the plaintiffs proved by the testimony of John H. Richardson, that in the winter of 1835, he sent a demand in favor of the plaintiff against one Kimball, for collection.

It appeared that on Feb. 19, 1835, a suit was instituted by the defendants, who indorsed the writ, and that an attachment of personal property in the possession of Kimball was made by one Leavitt, a deputy sheriff, by whom the writ was served. The property attached was replevied from said Leavitt by David Fiske.

Both actions were entered at the May Term of the Court of Common Pleas, and the defendants entered their appearance for Smallwood in the suit against Kimball, and for Leavitt, in the replevin suit against him. On the 20th of June, they advised the plaintiff that the suits had both been continued, and that they were satisfied that Fiske had no title to the property replevied, and that they should hold it, and secure the plaintiff's debt by it.

At the October Term, 1835, Kimball was defaulted, and judgment rendered on default, Oct. 17, and execution was taken out on Dec. 15, following. This execution was returned by an officer, no part satisfied, but his return was without date. On March 8, 1836, an alias execution issued, but there was no evidence that it had ever been placed in the hands of an officer.

The replevin suit was further continued to the Jan. Term, 1836, and on the twenty-third day of the term, Fiske became nonsuit. No papers were filed in the case, and it appeared from the testimony of the clerk, and from the dockets, that the judgment of the Court was not recorded, because no papers had been put upon file before the middle of the vacation after the rendition of judgment. It did not appear that any motion had been made by the defendants for a return, or that the replevin writ should be placed on file. The names of the defendants, as attorneys of Leavitt, appeared on the docket for the May Term, 1835, and their names were brought forward on the dockets of the subsequent terms. At the Jan. Term, 1836, senior counsel was employed by Mr. Norton, of which the plaintiff was duly apprized, who entered his appearance before the nonsuit.

It appeared from the testimony of Leavitt, that he employed Mr. Norton to defend the suit, but that he had no conversation with the other defendant on the subject; that Kimball had failed; and that the sureties in the replevin bond were good.

The defendants offered to prove that the property attached on the plaintiff's writ against Kimball, which was replevied by Fiske, was the property of said Fiske; but the evidence was not admitted.

It was proved that the copartnership between the defendants was formed in January and was dissolved in July of the same year.

The Court ruled that the action was maintainable upon this evidence, upon which ruling a default was entered, subject to the opinion of the Court upon the rejection and admission of the evidence offered. If the testimony offered by the defendants should have been received, or if the plaintiff upon the proof introduced is not entitled to recover, the default is to be taken off and a nonsuit to be entered.

*Cooley,* for the defendants. The property attached belonged to Fiske. Proof of that fact was rejected. The defendant was not concluded by that judgment. Had the officer been sued for not selling the property attached, he might have shown in defence that it was the property of another. *Blake* v. *Shaw,* 7 Mass. R. 505; *Fuller* v. *Holden,* 4 Mass. R. 499. This evidence should have been received. The complaint is of negligence on the part of the defendants, in not moving for a return of property, that it might be levied on. If done, it would not have bound the title to the property. The plaintiff might have brought trespass or trover, and the nonsuit would have been no bar. *Knox* v. *Waldoborough,* 5 Greenl. 186.

The plaintiff has no right of action in relation to the replevin suit. There was no proof that the defendants were attorneys for him in that suit.

The copartnership was dissolved in July, 1835, after which time other counsel was employed; and if there was any negligence, it was his. 1 Wend. 293. The defendants owed the plaintiff no duty in relation to that suit. He was not a party

to, nor had he any right to control it. The property attached was the special property of the officer. The officer was accountable to him under certain contingencies. The bond was given to the officer, who alone controls it. *Ladd* v. *North,* 2 Mass. R. 514. The officer from whom the property was replevied, if any one, had a claim against the defendants.

But there was no need of moving for a return. It was unnecessary; and if necessary, the neglect affords no ground for a suit. · Nor has the plaintiff any cause of complaint that no motion was made for the writ to be placed on file. It was not properly in the keeping of the plaintiff in replevin. It should have been returned to Court. It was the negligence of the officer by whom it was served, that it was not so returned—not the defendants'.

*Hobbs,* for the plaintiff. The defendants were bound to take charge of the replevin suit. That they did so, appears by the dockets. It was their duty to have made the bond in that case available to the plaintiff after nonsuit; to see that the proper judgment was entered; that the writ was on file; that the costs were taxed; and that the record was properly made up.

The evidence offered to show ownership in Fiske, was properly excluded. The return of the officer, as to the attachment, is conclusive on all. *Bott* v. *Burnell,* 9 Mass. R. 98; *Bannister* v. *Higginson,* 3 Shep. 73; *Estabrook* v. *Hapgood,* 10 Mass. R. 313; *Bott* v. *Burnell,* 11 Mass. R. 163; *Stinson* v. *Snow,* 1 Fairf. 263. The rights of the parties to the replevin suit were settled by the nonsuit. The bond in that case was for the protection of the plaintiff, and the nonsuit was a breach. *Pettygrove* v. *Hoyt,* 2 Fairf. 69. The defendant should have moved for a return. *Badlam* v. *Tucker,* 1 Pick. 286. Whether the nonsuit was on the merits or not, the defendants should have moved for a return. *Quincy* v. *Hall,* 1 Pick. 356. It was their duty to act in this case for the protection of the rights of the plaintiff, who was the party in interest in the replevin suit. *Dearborn* v. *Dearborn,* 5 Mass. R. 319. ·

The opinion of the Court was by

WESTON C. J. — Richardson acted as the agent of the plaintiff, and his testimony was admissible as such. The defendants were engaged as attorneys to prosecute and collect the plaintiff's debt. They were under legal obligation, to discharge this duty, with competent skill and fidelity. The object of the suit, instituted by them for the plaintiff, was to obtain judgment, and as the fruits of it, satisfaction of the execution, which issued. They had caused the debtor's property to be attached ; and it was their duty, by all legal means, to make that attachment available. They became professionally charged with all legal ancillary proceedings, necessary to make the attachment effectual. *Dearborn* v. *Dearborn*, 15 Mass. R. 316. With regard to the averment, that the defendants were employed, and undertook to act, as attorneys of the common pleas, it is sufficiently proved by their acting as such for the plaintiff, and being recognized as acting in that capacity, on the records of that Court.

A process in replevin was instituted at the suit of David Fiske, to defeat the attachment, procured by the defendants, for the benefit of the plaintiff. That is necessarily brought against the officer, who acts in trust for the attaching creditor, although he has nominally the management of the defence. The plaintiff was the *cestui que trust*, and the defendants their attorneys. From this relation alone, they would have been received to defend the replevin. But one of the defendants was also retained by the officer. Such being the connection between these suits, the plaintiff having a direct interest to defeat the replevin, the object of which was to render his attachment unavailable, the defendants owed a duty to the plaintiff, in defending against the replevin process, as well as to the officer. That they so understood it, and assumed to act for the interest of the plaintiff in both suits, is apparent from their letter of June twentieth, 1835. But independent of that letter, it was their duty to take care of his interest. And they could not relieve themselves from this responsibility, by the employment or substitution of other counsel.

When the plaintiff in replevin became nonsuit, it was their duty to see that the writ was put on file, that the record might be duly made up. They should also have moved for judgment for a return of the property replevied. Without such a motion, no such judgment can be entered in cases of nonsuit, nor would in such case a failure to return be a breach of the replevin bond. *Badlam* v. *Tucker & al.* 1 Pick. 284; *Pettygrove* v. *Hoyt & al.* 2 Fairf. 66. If the defendants had fulfilled their .professional duties to the plaintiff, by taking such measures as to render the replevin bond available, by the regular entry of judgment upon nonsuit, and for a return, in a suit on the bond, it would have been held forfeited, and the officer, in trust for the plaintiff, would have been entitled to judgment for the value of the property, as well as for the damages. Nor do we think, that proof could be received in a suit on the bond, that the property was in Fiske. Judgment for return should be complied with in terms, or the obligors held liable to respond in damages. It would be against the legal effect of that judgment, to open the question of property in a suit on the bond. The time to have tried that question was, while the suit in replevin was pending. It would be a very extraordinary derangement of the regular course of legal proceedings, to suffer the plaintiff in replevin to abandon a process, expressly provided to enable him to vindicate his title to property taken from the custody of the law, and subsequently to try his rights, under the bond, which he is required to give to prosecute his replevin with effect. If such evidence would not be available in defence of the bond, it cannot avail the defendants, for neglecting the proper legal steps to render the bond effectual, for the benefit of the plaintiff. But, aside from the question of title, he would have been entitled to the twelve per cent. which the officer would at all events have recovered for his use.

The liability of the defendants being sustained by the proof, we are satisfied, that under the general issue, a cause of action is sufficiently set forth in the second count. The default is to stand, and the case referred, for the assessment of damages, as has been agreed by the parties.