† Greely *versus* Currier.

By § 10, c. 130, R. S., it is provided that *before* serving a writ of replevin the officer is required to take from the plaintiff, or some one in his behalf, a bond to the defendant with sufficient *sureties*, in double the value of the goods replevied.

Such bond with only *one* surety is fatally defective, if objected to by a plea in abatement, or by motion *seasonably* filed.

When proceedings in replevin are quashed for such defect, the plaintiff cannot contest, by the introduction of testimony, the right of defendant to a return of the property.

By the *illegality* of the proceeding, it is "made to appear" to the Court, on motion, that the property should be returned.

On Exceptions from *Nisi Prius*, Rice, J., presiding. Replevin.

The bond given by the plaintiff had only one surety.

On the second day of the term to which the writ was returnable; the defendant filed a written motion, that for that cause, the writ might abate; and on the ninth day of the same term, he filed a motion for a return of the property replevied and for an order accordingly.

The plaintiff contended as to the first motion, that the want of an additonal surety did not render the process fatally defective, and offered to pay the costs awarded and furnish the additional surety.

But the Court ruled, that they had no power to allow the same against the consent of the adverse party, and ordered the writ and proceedings to be quashed.

Greely *v.* Currier.

As to the second motion, the plaintiff objected that it was not filed in season, and that it should be made to appear that defendant was entitled to a return, and offered testimony that he owned the property.

But the Court ruled that the motion was seasonable, that as the case was presented the ownership appeared to be in defendant and declined to hear the testimony, and ordered a return of the property.

To all which plaintiff excepted.

*B. A. G. Fuller,* supported the positions taken at the hearing, and cited 20 Maine, 96; 18 Wend. 521; 19 Wend. 632; *Hicks* v. *Hull,* 11 B. Munroe, 53; *Bloomer* v. *Craig,* 6 Dane, 310; *Hodsdon* v. *Morse,* 5 Mass. 314; *Simonds* v. *Parker,* 1 Met. 508; 2 Met. 492; c. 130, § 11, R. S.

*North,* for the defendant.

RICE, J. — By provision of § 10, c. 130, R. S., an officer, before serving a writ of replevin is required to take from the plaintiff, or some one in his behalf, a bond to the defendant, with sufficient sureties, in double the value of the goods replevied, conditioned, &c., to be returned with the writ. This bond is provided for the security of the defendant, the taking of which is a condition precedent which must be complied with before a legal service of the writ can be made. It, however, being a provision for the defendant's benefit, may be waived by him. Or if he choose he may take advantage of defects in the bond by plea in abatement or on motion. *Johnson* v. *Richards,* 2 Fairf. 49; *Simonds* v. *Parker,* 1 Met. 508. A defect apparent on the record may be taken advantage of as well by motion as by plea in abatement. *Chamberlain* v. *Lake,* 36 Maine, 388. But such motion must be made within the time prescribed for filing pleas in abatement. *Nickerson* v. *Nickerson,* 36 Maine, 417. The motion in this case was made on the second day of the return term and was therefore in season.

In the case of *Smith & al.* v. *Fuller & al.* 18 Wend. 521, and *Hawley* v. *Bates,* 19 Wend. 432, cited by counsel

for plaintiff, the Court held, that a defect appearing upon the face of the bond could be taken advantage of on motion, if seasonably filed. Bonds in those cases, with one surety, when the statute required *sureties*, were held defective by the Court, but the plaintiffs were permitted to file new bonds within thirty days on payment of costs. This permission was granted under authority of § 31, p. 527, vol. 2, R. S., of New York. No such authority is conferred by our statutes.

The case of *Hicks* v. *Hull*, 11 B. Munroe, 53, in which the Court intimate, that in certain contingencies a new replevin bond would be ordered, is founded upon statute provisions similar to those existing in New York.

Section 11, c. 130, R. S., provides, that if it shall appear upon the nonsuit of the plaintiff, or upon a trial or otherwise, that the defendant is entitled to a return of the goods he shall have judgment therefor accordingly.

How shall it be "made to appear?" Clearly not by the production of testimony, when the plaintiff is out of Court. That would authorize a party to try a question of fact before the Court, without a writ and without a bond, which the defendant has a right to have tried by a jury, after a sufficient bond has been filed and legal service made of the writ. It did appear from this fact, that the property had been taken without legal authority, and that the defendant was entitled to a return. This want of authority being apparent on the record, and being properly and seasonably brought before the Court and insisted upon, was conclusive as well upon the Court as the plaintiff. The admission of the testimony offered would have been wholly unauthorized. *Exceptions overruled, and*

*Judgment affirmed.*

TENNEY, J., was not present at the hearing and took no part in the opinion.