Collamer v. Page et al.

GEORGE W. COLLAMER v. N. C. PAGE AND ORANGE FIFIELD.

*Replevin.   Judgment for Return.   Jurisdiction.   Costs.*

If a court has no jurisdiction over the subject matter of an action, it can render no legal judgment in it, not even for the defendant to recover his costs, except when expressly authorized so to do by statute.

But where an action is brought in the wrong town or county, there is not a want of jurisdiction of the subject matter of the suit, but only an irregularity in the process, and this objection must be taken while the cause is pending, or the judgment will be valid.

An action of replevin was brought in a county where one of the parties resided, but not the county where the property replevied was detained, and for this reason the action was dismissed on motion. *Held,* that notwithstanding this disposition of the cause, the court had jurisdiction, and it was their duty, to render a judgment for a return to the defendant of the property replevied, without any proof of his right to have the property restored, and without any formal plea or avowry by the defendant; and that the plaintiff had no right to contest such a judgment on the ground that he owned the property.

But a judgment for a return of the property, under such circumstances, is not conclusive of the right of ownership of the defendant thereto. That question may be tried in another action.

But after a dismissal of the action for some ground not relating to the merits of the case, the defendant is not entitled to have his right to damages for the taking and detaining, or improper use of the property replevied, tried or adjudicated.

REPLEVIN for one hundred and thirty-five sheep, alleged in the writ to belong to the plaintiff, who resided in Montpelier, in Washington county, and to have been taken and attached by the defendant Page, a resident of Washington county, and by the defendant Fifield, a resident of Orange county. The writ was made returnable to the Washington County Court. From the officer's return upon the writ, it appeared that he found and replevied the sheep in Orange county, at the residence of the defendant Fifield.

The defendants filed a motion to dismiss the action, on the ground that, as it appeared from the writ and officer's return, that the sheep were detained in Orange county when replevied,

and that therefore the writ should have been made returnable to the Orange County Court.

The county court sustained the motion, and dismissed the action.

The defendants thereupon moved for a judgment for a return of the property replevied, and also for damages, alleging that one Cutler was the owner of the sheep replevied, and that they had been attached by the defendant Page upon a writ in favor of the defendant Fifield against Cutler ; that Page, after attaching them, placed them in Fifield's hands for safe keeping, where they remained until replevied by the plaintiff ; that Fifield had recovered judgment in his suit against Cutler, and had taken out execution thereon, and placed it in Page's hands for collection, and that the execution had been returned unsatisfied and was yet unpaid.

To this motion the plaintiff answered that Cutler never owned the sheep, but that they belonged to the plaintiff.

On the hearing of the motion for return and for damages, the defendants claimed, and offered to show, that since the sheep were replevied in this action, the plaintiff had sheared the sheep, and sold the wool, and received the pay for the same, and claimed hat the value of the wool so sold should be included in the damages to be by them recovered, and that they were entitled to a judgment for a return of the property without introducing any evidence of ownership or right of possession in them.

The plaintiff objected to the evidence offered by the defendants as to the shearing of the sheep and sale of the wool, and the court rejected it, to which the defendants excepted.

The plaintiff claimed,

1st. That there could be no judgment for return of the property or damages in a case like this, where the action is dismissed on the defendants' motion.

2nd. That if any judgment for return or damages could be rendered, it could only be rendered upon evidence introduced by the defendants, showing the right of property and possession in them, and that the burden of proof of such right was on the defendants.

3rd. That if prima facie the defendants were entitled to such

Collamer v. Page et al.

judgment, the plaintiff had a right to show by evidence that the right of property and possession at the time the property was replevied, was and still continued in the plaintiff, and not in the defendants, and thereby prevent such judgment; and the plaintiff offered evidence to prove this fact.

To the introduction of this evidence the defendants objected, and the court excluded it, to which the plaintiff excepted. The court thereupon rendered judgment, awarding a return of the property, with costs against the plaintiff, and refused to render judgment for damages, to which both parties excepted.

*Wing, Lund & Taylor* and *J. Collamer*, for the plaintiff.

*Peck & Colby*, for the defendants.

POLAND, CH. J. The plaintiff's action having been dismissed in the county court on motion of the defendants, because brought in the wrong county, the plaintiff insists that the county court had no legal jurisdiction thereafter to award any judgment except a judgment for costs.

The plaintiff's counsel have referred us to numerous authorities, where it has been held that if the court have no jurisdiction over the subject matter of a suit, they can render no legal judgment in it, not even for the defendant to recover his costs, unless authorized by express statute.

The position is well founded, both upon authority and reason.

The authorities all agree that when a court have no jurisdiction over the subject matter of an action, if the defendant appear and answer to it, and make no objection to the jurisdiction, and the action proceed to final judgment, the judgment itself is void; the objection can not be waived.

Was the ground of the dismissal of this action really an objection to the jurisdiction of the court, over the subject matter of the action? or an objection to the process, an irregularity which might be waived, or if not made, and the action proceeded to a judgment, such judgment would be valid?

The statute gives jurisdiction of this species of replevin, when the value of the property in controversy exceeds twenty dollars,

to the county court. The statute also provides that the writ shall be returnable to the county court for the county in which the goods are detained. The action, being to recover personal property, is of a transitory character, and except for this provision of the statute, might well be brought in any county where either of the parties lived.

The general provision of our statute in relation to actions brought to the supreme and county courts, is that they shall be brought in the county where one of the parties resides; and suits before justices of the peace shall be brought in the town where one of the parties lives; but it was never supposed that, if brought in some other county, or town, it was a case of want of jurisdiction, so that if the action proceeded to judgment, the judgment would be void; *University of Vermont* v. *Joslin*, 21 Vt. 52.

We regard this case as being precisely of the same character, and that the ground on which this case was dismissed, was an objection to the particular process, and not a lack of jurisdiction over the subject matter.

In *Hall* v. *Gilmore*, 40 Maine 578, under a statute precisely like ours in this respect, it was decided, that if the suit be brought in the wrong county, the error, to be available to the defendant, must be shown in abatement. The error of the plaintiff's counsel, on this point, consists in confounding the two, and in some of the cases read, the distinction seems not to have been very clearly taken.

It is said, however, that whether this was really an objection to the jurisdiction over the subject matter of the action, or not, the county court dismissed it for want of jurisdiction, and having done so, the case was then beyond their power to make any further order, or render any further judgment.

This objection does not appear to us to be formidable. The real question is, was the defect one of want of jurisdiction over the subject matter. If it was, then the court could give no judgment except for costs. If it was not, then the court might proceed to render any further judgment, which the position of the case warranted. A suit is no more out of court, or beyond the power of the court, to perfect and enter the proper judgment,

Collamer *v.* Page et al.

when dismissed, than it is when the suit is abated, or a judg-
ment of nonsuit entered, either voluntarily, or by direction of the
court.    It is not material, as we think, by what name the deter-
mination of the suit was called, so far as affects the power of
the court to perfect the judgment.

The plaintiff insists, that the judgment given for a return of
the property repleved, in favor of the defendants, was unwar-
ranted, because the cause was not terminated in either of the
ways upon which the statute authorizes such a judgment to be
given.    The 17th section of the replevin act provides :  " If it
shall appear upon the nonsuit of the plaintiff, or upon trial, that
the defendant is entitled to a return of the goods, he shall have
judgment therefor accordingly, with damages for the taking
thereof by the replevin, and costs of suit." The plaintiff says'
his suit was not terminated either by his becoming nonsuit, or
by a trial, and therefore no judgment for a return could be ren-
dered by the court.

This objection requires us to consider the intent and meaning
of the statute, and especially of the words *by a nonsuit of the
plaintiff.*    The statute introduced a new kind of replevin, or
applied the action to an entirely new use, as an action to try
disputed titles to personal property.    By its provisions, one
claiming title to personal property in the possession of another,
also claiming title, proceeds with his writ of replevin to divest
the one in possession, and take the possession to himself, and is
authorized to hold it until the suit be determined.

If the case be tried upon the merits, then of course the ques-
tion of title, or right of possession, is tried, and then if the'
title or right of possession is found for the defendant, he is enti-
tled to a judgment for a return, as a conclusive judgment in
chief.

But the framers of the statute anticipated that actions of this
character might be brought, and the possession of the property
changed by the service of the process, and the suits be termina-
ted in favor of the defendant, without any trial upon the merits ;
that the process might be defective, or the plaintiff might aban-
don his suit without trial, and unless there was a judgment for
a return, the defendant's property, or property found in his

possession, of which he claimed to be the owner, would be left in the hands of the plaintiff, and the defendant might be wholly without adequate remedy to obtain its restoration. This they intended to guard against, and in such case to put the defendant in as good a situation as he was before. In ordinary cases the payment of the defendant's costs is supposed to do this, but here the bringing the suit has taken the property from him, and given it to the plaintiff.

We think the legislature intended that in such case the plaintiff should restore the possession of the property to the defendant. It is said that the legislature used the word *nonsuit* in its strictest sense, as a voluntary abandonment by him of the case, and intended, in such event, to have a judgment for a return conclude the title, and prevent it from again being brought in question.

But there are many cases of nonsuit, where it is not the voluntary act of the plaintiff, but done by order of court, for the failure or inability of the plaintiff to comply with some order of the court. Such cases would be equally within the letter of the statute as those when a nonsuit was voluntarily entered by the plaintiff, but it would be quite severe to hold that in such case a plaintiff must submit to a judgment for a return, which concludes him from ever again setting up his title to property which lawfully belongs to him, and the title to which has not been tried at all in his suit which has failed. If the suit be abated, or dismissed, or quashed, for some defect or irregularity in the process, is there not precisely the same necessity for protecting the defendant, and requiring the property to be replaced, as before, in his possession, as if the suit ended either by a voluntary or a compulsory nonsuit? It is not reasonable to suppose that the makers of the statute intended he should have a judgment for a restoration of the property in the one case, and intended to deny it in the other.

We think, construing the language of the statute, in connection with the apparent object and intent of the legislature, and the mischief they intended to prevent, that the meaning is apparent; that if on a trial the defendant is entitled to the property, he shall have a judgment for a return ; and if, through the fault of

the plaintiff, either by bringing a defective suit, or by abandoning it voluntarily, or through failure to comply with the rules and orders of the court, the suit is determined against the plaintiff, without a trial, so that the defendant has no opportunity to show his right, then the plaintiff shall be adjudged to restore the property to the possession of the defendant, from whom he replevied it.

The action of replevin, as an adversary suit to try the title to personal property, was adopted in some of the other states earlier than here, and the general features of our statute are like those of Connecticut and Maine, especially of the latter state. The Connecticut statute provides, that " if the plaintiff fails to make out a title to the goods replevied, there shall be a judgment for a return. In *Fleet* v. *Lockwood*, 17 Conn. 233, the defendant pleaded in abatement of the action, the want of a bond for securing costs, the plaintiff being a non-resident of the state, and the plea was sustained, and the suit abated, and it was held that the defendant was entitled to a judgment for a return.

The Maine statute is, " that if it shall appear upon the non-suit of the plaintiff, or upon a trial or otherwise, that the defendant is entitled to a return," &c.

In *Greeley* v. *Currier*, 39 Maine 516, the writ of replevin was abated on motion of the defendant, for a defect in the replevin bond, and on motion of the defendant, judgment was rendered for a return.

The plaintiff insists, also, that the county court erred in rendering a judgment for a return in favor of the defendants, without proof of their title, or right to have the property restored, and especially that there was error in the county court, in refusing to allow the plaintiff to contest the right of the defendants to a return, by evidence that he was the owner of the property.

In the case cited from Connecticut, judgment for a return was rendered on the abatement of the suit, without any evidence, though it was argued, that the plaintiff had not, in the language of their statute, *failed to make out a title* to the property, because that question had not been tried. But the court said that by

bringing a defective suit, it was the plaintiff's fault that the title could not be tried, and that therefore he should restore the property, and place the defendant *in statu quo*, and then, if he chose, bring a new action. The opinion of the court in this case is referred to as a clear and sound exposition of the nature, object, and course of proceeding, in this species of replevin.

In the above case of *Greely* v. *Currier*, from Maine, after the writ had been abated the defendant moved for a judgment for return, which the plaintiff resisted, claiming that the defendant was not entitled to have such judgment, except on proof of his title, and offering, as here, to prove his own title ; the court excluded the evidence, and gave a judgment for a return. It was argued there, as here, that the words, "*if it shall appear,*" &c., in the statute, were equivalent to saying, *if it shall appear by evidence.* RICE, J., who delivered the opinion of the court, on this point, said, " How shall it be ' made to appear ?' Clearly not by the production of testimony, when the plaintiff is out of court. That would authorize a party to try a question of title before the court without a writ, and without a bond, which the defendant has a right to have tried by jury, after a sufficient bond has been filed, and legal service made of the writ. It did appear from this fact, that the property had been taken without legal authority, and that the defendant was entitled to a return." It is not claimed that the Maine statute differs at all from ours, so far as regards the defendant's right to a judgment for a return without evidence, or the plaintiff's right to contest it by evidence ; so that this case is precisely to the point.

The object of the plaintiff in an action of replevin of this character, is to obtain possession of the property, and establish his right to retain it, and it would be singular that when his action turns out to be so defective, or irregular, that the court dismiss or abate it, he should be allowed to proceed with his evidence and establish his title, and thus have the same benefit and advantage, as if his suit had been regular, and on trial determined in his favor.

It is also objected by the plaintiff, that if the defendant would entitle himself to a judgment for a return, his right to the property ought to be set out in a formal plea or avowry, even if the

same can not be traversed or tried. But the decisions seem to be otherwise. In the case cited from Connecticut, the plea in abatement contained no prayer for a return, nor was any written plea or motion for a return filed, and it was held none was necessary. In *Greely* v. *Currier*, after the writ was abated, the defendant filed a motion for a return, and this was held sufficient. The same was held in *McArthur* v. *Lane*, 15 Maine 245. It has not been claimed that a judgment for a return of the property to the defendant, under the circumstances of this case, would be conclusive of the title, so that the plaintiff could not after a return, bring another action of replevin for it, or any other appropriate action to try his titl:. The authorities seem to be clear, that the effect of such judgment, when the case is not tried on the merits, is only to restore possession to the defendant.

It is manifest, from the nature of the case, that this must be so. The judgment for the return is a mere incident of the principal judgment, which makes a determination of the cause. When that is upon trial, and upon the merits, so as to be conclusive, then the judgment for a return is of the same character.

If the judgment for the defendant is merely in abatement, or of that character, it is only an end of that particular action, and no bar to the commencement of another for the same cause, and if such judgment be followed by a judgment for a return, it is of the same character.

But the plaintiff says that it may be, that he is unable to return the property upon this judgment, and if so, that the defendant may follow up his judgment for a return, by a writ of return, and a writ of reprisal, and thereby he may be made to pay the value of the property, and, in effect, such judgment will become conclusive. These provisions in the statute in relation to the writ of return, and writ of reprisal, and the proceedings under them, were evidently drawn to meet cases, where the judgment for a return was upon the merits. Whether they can be resorted to in a case where the judgment is not so, but of a merely *interlocutory* character, need not be now determined, as

such question is not before us for decision. If it should be held that they do apply, and the result be that the plaintiff, by an unfortunate mistake in his suit, becomes embarrassed by the result, it would only prove, that some further legislation is needed to make this branch of replevin do exact justice in all cases.

It is agreed that the defendant needs no such judgment for his protection, that he has a full remedy on the replevin bond, or by resorting to a new action himself, to regain the property, or damages for taking and detaining it from him.

It seems clear, that in order to entitle the defendant to any remedy on the bond, for not returning the property, he must first have a judgment for a return.

That is the very language of the condition of the bond, "to return the property, in case such shall be the final judgment."

In *Pettygrove* v. *Hoyt et al.*, 11 Maine 66, it was decided that in an action on such a bond, the plaintiff had no remedy for not returning the property, unless he had obtained a judgment for a return. The correctness of this decision can not be doubted. And the suit may be dismissed or abated for the reason, that there is no bond, when the defendant can have no such remedy. Nor would it be just to compel the defendant to resort to a suit to regain possession of property, which had been taken from him by process so irregular, that the title could not be tried upon it. We are satisfied that none of the objections to the proceedings of the county court in giving a judgment for a return, are valid, and that the judgment was so far correct.

But the defendants insist that they were also entitled to have a judgment for damages; that the plaintiff, while in possession of the sheep replevied, had taken the fleeces from them, and that the defendants were entitled to a judgment in damages for the value of the wool. The county court denied this motion, and to this the defendants except. In arguing this question the defendants' counsel proceed upon the basis that the judgment for a return is conclusive of the title, and that, as it has been decided that the defendants own the sheep, they are also entitled to have

pay for the wool. It is just here that the mistake is in the reasoning: it has not been decided that the defendants own the property, only that as it was irregularly taken out of their possession, the possession shall be restored to them. The disputed question of title is still undecided. It is not denied by the defendants' counsel that a judgment for damages would be conclusive, and they can suggest no mode by which, if the plaintiff is compelled to pay such judgment, he can ever be entitled to recover it back, even if in another action he should establish his title to the sheep It is clear to our judgment, that such a consequence should not follow from the failure of his suit for a mere irregularity.

There seems, too, to be a difficulty in trying such a question, upon evidence, after the suit is ended. In the case above cited from Maine, *McArthur* v. *Lane,* after the writ was abated, the defendant moved for a return, which was ordered to be made. The defendant also claimed a judgment for damages, but this the court refused to allow. The court said : " no damages can be allowed, as there is no issue upon which they can be estimated."

There exists the same difficulty in this case, and there is something strangely incongruous, in rendering a final judgment for damages against a party for taking property, the title to which is disputed, where the same has not been settled, and the party is still at full liberty to litigate the title.

The subject has been fully discussed, as to what remedy the defendants have, to recover their damages, which they are clearly entitled to, in case they have the right to hold the sheep. This question is not presented, so that it need be decided here.

In this particular case, there would not seem to me any good reason why the defendants might not have their remedy on the bond for not returning the wool, which was a part of the sheep, when replevied by the plaintiff. However this may be, if the defendants were legally entitled to hold the sheep and the wool, no doubt is expressed by their counsel that they can maintain some action at law to recover it, and although it is said they might fail to get satisfaction by reason of the want of ability in

the plaintiff to respond to the judgment, we think, they should rather incur that risk, than that they should have a final judgment for it, while the question of ownership is unsettled.

The judgment is affirmed, but as both parties excepted, and neither party has prevailed on his exceptions, no costs are allowed in this court.