*Sayles & Greene, James M. Ripley*, and *Samuel W. K. Allen*, for respondent.

---

J. ABORN GARDINER, Deputy Sheriff, *vs.* MICHAEL McDERMOTT *et al.*

When a replevin bond has been given in accordance with Gen. Stat. R. I. cap. 224, § 3, and the plaintiff in replevin does not enter his suit, an action may be brought on the bond without first obtaining judgment for return and restoration as provided for by Gen. Stat. R. I. cap. 224, § 5.

The object of a replevin bond is to indemnify the defendant in replevin.

The statutory provision for a judgment for return and restoration on complaint, if the replevin suit is not entered, is for the benefit of the defendant in replevin, not of the plaintiff nor of his sureties.

DEBT. On motion to arrest judgment.

*July* 27, 1878. MATTESON, J. This is an action of debt on a replevin bond.

The defendant McDermott replevied from the plaintiff, a deputy sheriff, certain goods and chattels attached by the latter, and in his custody, as the property of one Patrick O'Grady. Prior to the service of the replevin writ, the officer charged with its service took from the defendant McDermott the bond in suit, signed by him as principal and by the defendant Durfee as surety, with condition, as required by statute,[1] to prosecute the writ of replevin to final judgment and pay such damages and costs as the defendant in such writ should recover against the plaintiff therein, and also to return and restore the goods and chattels replevied in like good order and condition as when taken, in case such should be the final judgment on such writ.

The defendant McDermott did not, nor did any one in his be-

---

[1] Gen. Stat R. I. cap. 224, § 3.

half, enter his writ of replevin in the Court of Common Pleas, to which it was returnable, and prosecute it to final judgment, nor did he, nor any one in his behalf, restore the goods and chattels replevied to the plaintiff. The plaintiff brought suit upon the bond, and the jury returned a verdict for the plaintiff on the first count in his declaration, which assigned, as breaches of the bond, the neglect to enter and prosecute the writ of replevin to final judgment, and the neglect and refusal to return and restore the goods and chattels replevied to the plaintiff. The defendants thereupon moved in arrest of judgment upon several grounds, the last of which, and the only one urged at the hearing, was that the count contained no allegation that the plaintiff had ever obtained a judgment for the return and restoration of the goods and chattels replevied.

Gen. Stat. R. I. cap. 224, § 5, provides, that "whenever any plaintiff in replevin shall neglect to enter and prosecute the suit, the defendant may upon complaint have judgment for a return and restoration of the goods and chattels replevied, and reasonable damages for the taking, with such reasonable costs as may be adjudged by the court, and a writ of return and restoration thereon accordingly."

The defendants contend, that if the plaintiff in replevin neglects to enter and prosecute his suit, the defendant therein *must* file a complaint and obtain a judgment under the section of the statute quoted before he can maintain a suit upon the bond, or, in other words, that such a judgment is a condition precedent to the maintenance of a suit upon the bond.

We do not think that the allegation that the plaintiff had obtained a judgment for a return and restoration of the property replevied was essential. Two breaches of the bond are alleged: 1. The neglect to enter and prosecute the suit to final judgment. 2. The neglect and refusal to return and restore the goods and chattels replevied. If either of these is sufficient to render the defendants liable, it is immaterial whether or not the other is well assigned. Perhaps if the only breach alleged had been a neglect to return the goods and chattels, the obtaining of a judgment for such return, and an allegation to that effect, would have been requisite. That question, however, it is not necessary to determine, for the neglect to enter and prosecute the suit is

also averred, which is a distinct and complete breach of one part of the condition. The several requirements of the condition of a replevin bond are to be regarded as distinct and independent conditions, and a breach of either is a forfeiture of the bond. *Morgan* v. *Griffith*, 7 Mod. 380 ; *Perreau* v. *Bevan*, 5 B. & C. 284, 300, 302; *Gibbs* v. *Bartlett*, 2 W. & S. 29. 33 ; *Persse* v. *Watrous*, 30 Conn. 139, 146. And see also *Dias* v. *Freeman*, 5 Term Rep. 195, 197 ; *Gwillim* v. *Holbrook*, 1 Bos. & Pul. 410 ; *Turner* v. *Turner*, 2 Brod. & B. 107, 111; *Ex parte Boyle*, 2 Dowl. & Ry. 13, 14 ; *Axford* v. *Perrett*, 4 Bing. 586 ; *Harrison* v. *Wardle*, 5 B. & Ad. 146 ; *Lindsay* v. *Blood*, 2 Mass. 518; *Smith* v. *Whiting*, 100 Mass. 122, 123.

Nor do we think that it was obligatory upon the plaintiff to make complaint and obtain a judgment for a return under the statute, before bringing suit upon the bond. The case chiefly relied upon by the defendant is *Pettygrove* v. *Hoyt*, 11 Me. 66, 69. In that case the condition of the bond and the statute, so far as it related to a judgment for a return, were the same as in this. The defendant Hoyt, the plaintiff in replevin, had neglected to enter and prosecute the suit. Pettygrove, the plaintiff, and the defendant in replevin, had filed a complaint under the statute in which he did not pray for a return, but prayed and had judgment for costs only, which had been satisfied. The court, though admitting that the failure to enter and prosecute the replevin suit was a breach of the bond, held that the action could not be maintained. They seem to have regarded the bond as given merely to secure to the defendant in replevin execution of the *judgment* which he might recover against the plaintiff, thereby necessarily implying that a judgment must be obtained before a suit upon the bond can be maintained. They seem also to have been of the opinion, that as the judgment and the execution thereon would be sufficient to compel the plaintiff to do justice if he had property to pay damages and costs, and to obtain a return and restoration of the property, if not eloigned, the remedy by statute must first be exhausted, and that the bond was to be resorted to only in case of the plaintiff's failure to obtain a satisfaction of the judgment by the statutory process. The only cases in which the views of the court in *Pettygrove* v. *Hoyt* have been recognized, or approved, which have come to

our notice, are *Smallwood* v. *Norton*, 20 Me. 83, 88, and *Collamer* v. *Page*, 35 Vt. 387, 396.   We cannot assent to them.   It seems to us that the purpose of the bond is not merely to secure to the defendant the execution of the judgment which he may recover, but that it is intended rather as an indemnity to the defendant for the taking of the property from his possession.   *Roman* v. *Stratton*, 2 Bibb, 199; *Smith* v. *Whiting*, 97 Mass. 316, 318. Again, to hold that the bond is intended merely as security to the defendant for the execution of the judgment, is to ignore wholly that part of the condition which requires *the plaintiff to prosecute his suit to final judgment.*

It seems to us, also, that the court in *Pettygrove* v. *Hoyt*, 11 Me. 66, entirely misapprehended the purpose of the statute. But for the statute, if the plaintiff in replevin neglected to enter his suit, the defendant would be without the means of recovering the property taken from him on the writ.   The court could render no judgment for a return, nor issue any process to compel it. The only remedy which the defendant would have would be upon the bond for damages.   The purpose of the statute was to give to him the same process for the recovery of his property which he would have had if the plaintiff had entered his writ in court, as was his duty, and had then abandoned its prosecution, or prosecuted it to final judgment without success.   It was intended, not for the benefit of the plaintiff in replevin or his sureties, but for the benefit of the defendant.   It does not in any way impair his remedy upon the bond, but gives him a new and additional remedy, which it is optional with him to pursue or not, as he shall prefer.

The motion in arrest is overruled, and judgment will be entered for the penal sum of the bond in accordance with the statute.

*Motion dismissed.*

*Beach & Osfield*, for plaintiff.
*Charles E. Gorman*, for defendant.