## WHITFORD, SANDERS & CO. *vs.* CHARLES A. GOODWIN.

A replevin bond with but one surety taken under Gen. Stat. R. I. cap. 224, § 3, is fatally defective.

Neither Gen. Stat. R. I. cap. 224, § 4, nor cap. 199, § 4, permits its amendment.

A replevin bond is collateral to the process, not a part of it.

EXCEPTIONS to the Court of Common Pleas.

This action was replevin brought in the Court of Common Pleas. Before trial the defendant moved that the action be dismissed because the bond was signed by but one surety. The presiding justice overruled this motion, and allowed the plaintiffs to amend the bond by adding thereto another surety. The defendant excepted, and after verdict for the plaintiffs brought his exceptions to this court.

Gen. Stat. R. I. cap. 224, § 3, provide:

" The officer charged with the service of any such writ (*i. e.* replevin) shall, before serving the same, take from the plaintiff, or from some one in his behalf, a bond to the defendant, with sufficient sureties in double the value of the goods and chattels to be replevied; with condition to prosecute the said writ of replevin to final judgment, and to pay such damages and costs as the defendant in such writ shall recover against him, and also to return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment on such writ."

Section 4 of the same chapter provides:

" In case the defendant shall, at any time pending the writ of replevin, be dissatisfied with the amount or the sureties in such bond, the court before which the same shall be pending may, on his motion, and for cause shown, in their discretion, order the plaintiff to give further bond or further surety; and if the plaintiff do not comply with such order, his action shall be dismissed, and judgment shall be rendered for the defendant, for a return and restoration of the goods and chattels replevied, and for damages and costs, the same as if the plaintiff had neglected to enter his writ of replevin."

Gen. Stat. R. I. cap. 199, § 4, provide:

"No summons, writ, declaration, return, process, judgment, or other proceeding in civil causes, in any of the courts, shall be abated, arrested, quashed, or reversed for any defect or want of form; but the courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleadings, return, process, judgment, or proceeding whatsoever."

*October* 30, 1880. PER CURIAM. We think the bond was fatally defective in that it had only one surety, whereas the statute calls for "sufficient sureties." We think it was not amendable under Gen. Stat. R. I. cap. 224, § 4, for § 4 is only applicable in favor of the defendant and on his motion. And it was not amendable under Gen. Stat. R. I. cap. 199, § 4, unless it can be regarded as a part of the "process." We have come to the conclusion that it cannot be so regarded. It is something collateral to the process, not a part of it. The process runs *against* the defendant; the bond is taken *for* him, the taking of it being required as a condition precedent to the service of the writ. The motion to dismiss, therefore, having been seasonably made, ought to have been granted. *Greely* v. *Currier*, 39 Me. 516; *Claflin* v. *Thayer*, 13 Gray, 459. The exceptions must, therefore, be sustained and the action dismissed. In this case the defendant asks judgment only for costs. It is, therefore, unnecessary to determine whether, if he asked it, he could have a judgment for return and restoration under our statute, after dismissal on his own motion. We give him judgment for costs.

*Judgment for the defendant for costs.*

*Lemuel H. Foster*, for plaintiffs.

*Charles A. Wilson*, for defendants.