WITCHER v. WATKINS.

1. Instructions given and refused, but not incorporated in the bill of
   exceptions, do not become a part of the record, and error assigned
   thereon will not be considered.

2. General Statutes, section 2033, provides that in replevin before jus-
   tices of the peace, where the property has not been taken on the
   writ, the action may proceed as one for damages. On the trial of
   an appeal from a justice in a replevin suit, in which there were no
   written pleadings, the jury found for the plaintiff, and assessed
   her damages at $225; for which sum the court entered judgment, ·
   reciting therein that it appeared by the records and evidence that
   the property in controversy had never been replevied or delivered
   to plaintiff. *Held*, that the verdict and judgment were sufficiently
   responsive to the issues.

## Appeal from Chaffee County Court.

ACTION of replevin, brought by Mary F. Watkins, as
administratrix of the estate of L. E. Watkins, deceased,
against T. Witcher. Verdict and judgment for plaintiff,
and defendant appeals.

Messrs. T. M. S. RHETT and H. W. HOBSON, for appel-
lant.

Mr. G. K. HARTENSTINE, for appellee.

STALLCUP, C. This is an action of replevin for eight
head of cattle, brought by the appellee against the appel-
lant before a justice of the peace. Appeal from the
judgment there was taken to the county court, where
the case was tried to a jury, and verdict and judgment
were given for appellee, and the case comes here by appeal
therefrom. The instructions given and refused by the
court were not incorporated in the bill of exceptions.
Without being so incorporated they do not become a
part of the record, and error assigned thereon will not be
considered here. *Mining Co. v. Kirtley*, 8 Colo. 108;

*Banks v. Hoyt, ante,* p. 399 (opinion filed June 1, 1888). The bill of exceptions in this case shows nothing but the evidence; it shows not a single objection or exception to the admission or rejection of testimony. Is there anything in the record proper showing that the judgment was erroneous? It is argued that the verdict and judgment are not responsive to the issues. The verdict of the jury was as follows: "We, the jury, find the issues herein for the plaintiff, and assess her damages at the sum of $225;" upon which the court gave judgment as follows: "The jury by whom the issues joined in this cause was tried, having found the issues herein for the plaintiff by their verdict, and it appearing by the records and evidence that the cattle and property in controversy have never been replevied or delivered to the plaintiff, and said jury by their verdict having assessed the damages of plaintiff herein at the sum of $225, therefore it is considered that said plaintiff do have and recover of and from said defendant the sum of $225, and also said plaintiff's costs in this action, taxed at $375.16." Section 2033, General Statutes, provides that in cases of replevin before justices of the peace, when the property has not been taken on the writ, the action may proceed as one for damages. There were, of course, no written pleadings; and, under the foregoing statute, the verdict and judgment were sufficiently responsive to the issues. It appears that the cattle were taken from the appellee's intestate by the appellant; that they were not taken or returned by the writ; and that the dispute was upon the question of ownership. The evidence for appellee showed that the cattle were in the possession of appellee's intestate, and were branded with his brand; that appellant claimed and took the cattle as his own, and claimed and gave evidence tending to show that they had been branded with said brand, over his brand, fraudulently and without right. The jury found this issue against

the appellant, and the evidence was sufficient to warrant such finding. The judgment should be affirmed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the forego-ing opinion the judgment of the court below is affirmed.
*Affirmed.*