## LEWIN ET AL. v. STEIN.

1. JUDGMENT IN REPLEVIN.

A judgment or finding in replevin, when the defendant has retained the goods under a forthcoming bond, "that the right of possession at the commencement of this action was in the plaintiff," is void for uncertainty.

2. SAME.

Judgment in replevin for the plaintiff, where the defendant has retained the goods, should award damages for their detention, designate the goods, find their value, and should be in the alternative for the goods or the payment of their established value.

3. SURETIES ON FORTHCOMING BOND.

The responsibilities of sureties cannot be extended beyond the condition and letter of their undertaking.

4. SAME.

The defendant in replevin having desired to retain possession of the goods in controversy, gave a bond conditioned, among other things, to "deliver the said property to the said plaintiff, if such delivery shall be adjudged." Upon the trial it was simply decided "that the right of possession at the commencement of this action was in the plaintiff." *Held*, that the finding was not a basis for a judgment against the sureties on the bond.

*Appeal from the District Court of El Paso County.*

Mr. JOHN R. WATT, for appellants.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

Appellee brought an action of replevin against one Emma Wilson before a justice of the peace. The defendant, wishing to retain the goods, made a bond with appellants as sureties containing the following conditions:

"Shall well and truly deliver the said property to the said plaintiff, if such delivery be adjudged, and shall well and truly pay or cause to be paid all costs and damages which may be awarded against her, the said defendant in said action,

then this obligation to be void ; else to be and remain in full force and effect."

A trial was had and the court decided " that the right of possession at the commencement of this action was in the plaintiff; and that the defendant be taxed the costs of the suit." " Received the costs, $13.85."

On September 25, 1890, this action was brought against Emma Wilson and appellant in the county court for damages by reason of alleged breach of the conditions of the bond. A trial was had, resulting in a dismissal ; an appeal taken to the district court, where a trial was had, resulting in a judgment for plaintiff for $322.95, from which the appeal was prosecuted to this court.

The eighth assignment of error,—" That the court erred in giving plaintiff judgment, as there was no breach of the bond ; that the record showed the judgment of the justice's court to have been complied with and the judgment satisfied,"—is relied upon by counsel.

The judgment must be reversed. The conditions of the bond were that the defendant should deliver the property to the plaintiff, if such delivery shall be adjudged, and pay all costs and damages that should be awarded against her.

The court found that the right of possession at the commencement of the action was in the plaintiff. Of what goods the right of possession was found is not shown. There was nothing to designate them, and such finding was void for uncertainty. No value of the goods was found nor damages for the detention. According to all authorities, damages should have been awarded, the goods designated, and the value found. The proper judgment would have been in the alternative for the return of designated goods or payment of established value. It will also be observed that there was no judgment for either the return of the goods or payment of value. The finding for the plaintiff that he was entitled to the possession at the commencement of the action cannot take place of the judgment for the return. It has been held in some instances that a finding of that kind was sufficient

where the plaintiff had and retained the possession of the goods, but not where, as in this case, the goods were retained by the defendant. "The only correct practice is to find the value in all cases." Cobbey on Replev., sec. 1061; Wells on Replev., sec. 772, and authorities cited; *Watts v. Green*, 30 Ind. 99; *Witcher v. Watkins*, 11 Colo. 548; Mills' Stats., sec. 2757.

"A verdict to serve as the basis of a judgment must be complete and certain, otherwise both the verdict and judgment thereon are erroneous." Cobbey on Replev., secs. 1062, 1063; *Stewart v. Taylor*, 68 Cal. 5; *Bennett v. Butterworth*, 8 How. (U. S.) 128.

The judgment in the court of the justice of the peace upon which this was to be predicated was only for costs,—$13.85,—which were paid. The responsibilities of the sureties could not be extended beyond the conditions and letter of their undertaking; and as the only judgment was for costs, and that was satisfied, the bond imposed no other liability upon the sureties. See *Colo. Springs Co. v. Hopkins*, 5 Colo. 206; *Ashley v. Peterson*, 25 Wis. 621; *Clark v. Norton et al.*, 6 Minn. 412; *Gallarati v. Oser*, 27 N. Y. 324; *Pettygrove v. Hoyt*, 11 Me. 66.

The facts of the case were evidently such as to warrant a recovery against the sureties, and it is to be regretted that there was not a proper trial, proof and judgment. The finding that the plaintiff was entitled to the possession of some undefined chattels, without any identification, without awarding their return, or fixing a value, and giving judgment for such value in case the goods were not returned, was not a judgment that could be made a basis for a judgment against the sureties. In this the authorities agree, and we are bound by them. We can find no data or evidence in the record or bill of exceptions by which the judgment can be reformed. For these errors upon the trial and finding of the court, the judgment must be reversed.

*Reversed.*