## MIDDLE DISTRICT,

### 1855.

PRESENT:

HON. ETHER SHEPLEY, LL. D., CHIEF JUSTICE.
HON. JOHN S. TENNEY, LL. D.,
HON. RICHARD D. RICE, } ASSOCIATE JUSTICES.
HON. JOHN APPLETON,

## COUNTY OF SOMERSET.

† ROWELL, *Administrator, versus* HAYDEN *& al.*

Matters in defence, arising after the commencement of the suit, and before issue joined, cannot be pleaded in bar *generally*, but may be as to the *further* maintenance of the suit.

And where such a plea sets forth a conveyance by demandant of the premises, by a deed duly executed, acknowledged and *recorded*, it will be sufficient though it omits to allege that the deed was *delivered.*

Objection to the *time* of filing a plea *puis darrein continuance*, cannot be made upon demurrer, but through a motion to set aside the plea.

If the demandant in a real action, after the commencement of his suit, conveys, by deed, to a third person, the premises demanded, the tenant may successfully interpose a plea in bar to the further maintenance of his suit.

WRIT OF ENTRY, to recover possession of a farm in Madison.

This action was commenced on December 29, 1849, and tried before TENNEY, J., at the Dec. term, 1854.

On Sept. 26, 1854, the pleadings were made up and filed. The tenants separately pleaded the general issue, which was joined; and also separately pleaded in bar as follows:—

"And the said Hayden, for further plea, by leave of the Court here obtained, says, that the said demandant, his said action ought not further to have or maintain, because, he says, that since the commencement of this action, and during the pending thereof, to wit, on the twentieth day of Dec., 1852, the said demandant, by his deed of that date, duly executed, acknowledged and recorded, for a valuable consideration in said deed mentioned, to wit, the sum of nine hundred dollars, conveyed the said demanded premises to one Asa G. Holt, whereby the said demandant was wholly divested of all right, title and interest in and to the demanded premises, and this he is ready to verify. Wherefore he prays judgment if the said demandant, his said action against him ought further to have or maintain, and for his costs."

To these pleas demandant demurred generally, and there was a joinder in demurrer.

As to one defendant additional pleadings were filed, which, in the decision of the cause, became immaterial.

The cause was tried before TENNEY, J., and, under the instructions of the Court, a verdict was returned for demandant, also a *special verdict* that certain deeds of defendants under which demandant claimed title, in his replication, were not the deeds of the alleged grantors.

Exceptions to the rulings of the presiding Judge were taken by the counsel for demandant, also a motion filed for a new trial.

It was agreed, that if upon the documentary evidence under the writ and pleadings, together with the facts found by the jury under the special issue, as they appear by the

verdicts upon that issue, the demandant is entitled to re-
cover, judgment is to be rendered upon the verdict return-
ed on the general issue. But if the tenants are entitled to
recover by law under the pleadings, from the documentary
evidence and the facts found by the jury under the special
issue, the verdict under the general issue is to be amended so
as to be in favor of the tenants, and judgment thereon to be
entered in their favor, unless the verdict under the special
issue shall be set aside under the motion therefor, or upon
exceptions, in which case the verdicts upon the issue of fact
are to be set aside, and the action to stand for trial; but
neither party was precluded from moving to amend the
pleadings, or from resisting such motion.

*J. S. Abbott*, for demandant.

*Coburn & Wyman*, for tenant.

RICE, J. — The case is presented on report and excep-
tions, also upon questions arising on the pleadings.

The defendants severally pleaded the general issue which
was joined. They also severally pleaded, in bar, specially,
that the demandant ought not further to have and main-
tain his action, because since the commencement of this
action, and during the pendency thereof, to wit, on the 20th
day of December, 1852, the said demandant, by his deed,
of that date duly executed, acknowledged and recorded, for
a valuable consideration in said deed mentioned, to wit, the
sum of nine hundred dollars, conveyed the said demanded
premises to one Asa G. Holt, whereby said demandant was
wholly divested of all right, title and interest in and to the
demanded premises, &c.

To these pleas the demandant demurred generally, in
which the defendants joined.

In support of the demurrers the demandant contends
that the pleas are defective, inasmuch as they do not allege
that the deed from him to Holt was delivered. Whether,
if this omission were a defect in the pleas, the demandant
could avail himself of such defect on general demurrer, may

Rowell v. Hayden.

admit of doubt. He should have replied that nothing passed by the deed. *Howard* v. *Chadbourne*, 5 Maine, 15; *Walcott* v. *Knights*, 6 Mass. 418.

But the pleas are not defective. The fact that a deed is recorded is *prima facie* evidence that it has been delivered. *Chess* v. *Chess*, 1 Penn. 32; *Jackson* v. *Perkins*, 2 Wend. 308; *Gilbert* v. *N. A. Ins. Co.*, 23 Wend. 43.

But it is further contended, that if the deed is properly pleaded, the defendants cannot avail themselves of it in defence.

The writ is dated Dec. 29, 1851. The deed set out in defendants' plea bears date Dec. 20th, 1852. The pleas were filed, as appears by agreement of demandant's counsel, Sept. 26, 1854.

The rule is, that when matter of defence has arisen after the commencement of the suit, it cannot be pleaded in bar of the action generally, but must, when it has arisen before plea, or continuance, be pleaded as to the further maintenance of the suit; and when it has arisen after issue joined, *puis darrein continuance*. *Yeaton* v. *Lyman*, 5 Peters, 224; *LeBret* v. *Papillon*, 4 East, 502; *Covell* v. *Weston*, 20 Johns. 414; *Bank of U. S.* v. *Merchants' Bank of Baltimore*, 7 Gill. 415; *Bailey* v. *March*, 2 N. H. 522; *Semmes* v. *Naylor*, 12 Gill. & Johns. 361.

These pleas appear to have been filed before issue joined, and therefore fall within the principle of the authorities above cited.

If, as the demandant suggests, they are to be treated as pleas, *puis darrein continuance*, the result cannot be changed, because an objection to such a plea, that it was not pleaded in proper time, cannot be taken advantage of on demurrer; it should be on a motion to set aside the plea. *Ludlow* v. *McCrea*, 1 Wend. 228.

Whether a plea of *puis darrein continuance* shall be received, after a continuance has intervened, is in the discretion of the Court. *Morgan* v. *Dyer*, 10 Johns. 161.

If the plaintiff neglect to plead matter which has arisen

since the last continuance, at the next term, he cannot claim a right to plead it at a subsequent term. But the Court, in its discretion, may grant leave to plead it *nunc pro tunc*, and when it thus exercises its discretion, may impose the payment of costs. *Stevens* v. *Thompson*, 15 N. H. 410; 1 Chit. Plead. 659.

It is in the discretion of the Court to receive the plea or not, even after more than one continuance has intervened, and this discretion will be governed by circumstances extrinsic, and which cannot appear on the face of the plea. *Wilson* v. *Hamilton*, 4 S. & R. 238; *Tufts* v. *Gibbons*, 19 Wend. 639; *Rangely* v. *Webster*, 11 N. H. 299.

That the defendant had by his deed to Holt divested himself of all right, title and interest, in and to the demanded premises, is admitted by the pleadings, as a demurrer admits all the facts which are well pleaded. And that the defendants may avail themselves by proper pleas of the fact, that the demandant has divested himself of all right, title or interest in and to the demanded premises, after action brought, is well sustained by authorities. *Howard* v. *Chadbourn*, 5 Maine, 15; *Walcott* v. *Knight*, 6 Mass. 418; *Bailey* v. *March*, 2 N. H. 522.

Under the pleadings, we think it clear that the action cannot be maintained in the name of the demandant. It therefore becomes unnecessary to consider the questions raised by exceptions during the progress of the trial. According to the agreement, the verdict for the demandant under the general issue is to be set aside, and judgment entered for the defendants under their special pleas in bar against the demandants' right further to maintain the suit.