Bank *v.* Foster.

BANK *v.* FOSTER.

(*Knoxville.*   November 17, 1891.)

1. ABATEMENT, PLEA IN, *Replication to.*

A negative plea in abatement makes an issue without replication.

Case cited: Cheatham *v.* Pearce & Ryan, 89 Tenn., 695, 696.

2. SAME.  *Objection to, comes too late on the hearing.*

Objection that issue has not been made by filing replication to negative plea in abatement comes too late on the hearing of the cause.

Case cited and approved: Seifried *v.* Bank, 1 Bax., 203.

3. ATTACHMENT.  *Plea in abatement of, not overruled by answer.*

In suit by attachment against a non-resident, a plea in abatement to the attachment denying the fact of non-residence, is not waived or overruled by defendant's entering his appearance and making defense to the merits by answer.

Act construed: Acts 1877, Ch. 97.

Cases cited: Walker *v.* Cottrell, 6 Bax., 257; Bivins *v.* Matthews, 7 Bax., 256; Robb *v.* Parker, 4 Heis., 58; Price *v.* Bescher, 12 Heis., 372; Seifried *v.* Bank, 1 Bax., 204; Pigue *v.* Young, 85 Tenn., 263; Cheatham *v.* Pearce & Ryan, 89 Tenn., 679.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

CLARK & BROWN for Bank.

SPURLOCK & LATIMORE for Foster.

SNODGRASS, J. Complainant filed an attachment bill against Foster on the ground that he was a non-resident. Attachment issued, and was levied on certain property found in his room in the hotel in Chattanooga where he was residing.

Foster filed a plea in abatement, properly verified, denying that he was a non-resident. Afterward he entered his appearance, obtained time to answer, and did answer. The answer was devoted to defenses not material to be now mentioned, and made no reference to the question of residence. Evidence was taken on issues presented in plea and answer, and the cause came on for hearing. The final decree recites that the "cause came on this day to be heard by the Chancellor, and complainant moved the Court to strike out the plea in abatement because defendant entered his appearance, filed an answer to the merits, and thereby waived his plea, and because no issue has been taken on the plea." The Court sustained the motion, struck out the plea, and proceeded with the hearing. He found for defendant on his defense of *res adjudicata* as to one of complainant's demands, and for complainant as to the other. Defendant appealed, and complainant sued out writ of error, and both assign errors.

The decree of the Chancellor is erroneous. The

plea filed was a negative plea, and made an issue. It is not essential that complainant accept the issue thus tendered by any formal acceptance or replication. It was decided in the case of *Cheatham* v. *Pearce & Ryan*, 5 Pickle, 668, that he might do so, but it was not necessary. Pages 695, 696. It was not necessary to accept such issue formally in any way; but complainant had in fact accepted it by making no reply and treating it to final hearing as making an issue, and proof had been taken on it. It was then too late to object to it for this reason. *Seifred* v. *Bank*, 1 Bax., 203. Nor was the plea overruled by an answer. The entry of defendant's appearance and filing of the answer waived jurisdiction as to his person, but he was not thereby concluded as to attachment of his property. The attachment serves a two-fold purpose; it is levied as one of the steps to compel the personal appearance of defendant, and also to secure property for appropriation on the recovery in case he does or does not appear. 6 Bax., 257. If he appears otherwise than to plead in abatement, the first object is accomplished, and the attachment then serves merely the purpose of an ancillary attachment. *Bivins* v. *Matthews*, 7 Bax., 256.

Defendant has the right to plead in abatement to an ancillary attachment, and at the same time to the merits of the suit in which it issued. 4 Heis., 58; 12 Heis., 372.

The error of the Chancellor's ruling seems to

47—6 P

be based on the idea of a plea in chancery being overruled by an answer to the same matter. But this is a misconception. Here the plea and answer are not to the same matter; one is to jurisdiction of the Court to appropriate defendant's property, the other is personal defense to the merits of the suit. Neither refers to the other, nor affects the other. Formerly, when equity jurisdiction depended on some special head of equity cognizance, as fraud, surprise, etc., an allegation of such cause was necessary to give the Court jurisdiction of the subject-matter. If, in such case, there was an objection by plea that there was no fraud or fraudulent act averred, such plea must be adhered to, or the question raised by it would be waived. So where such averments as are necessary to give the Court jurisdiction are made and met by plea, if the plea is accompanied by an answer or followed by one to the same question, the plea is waived. In such cases the answer did not overrule the plea where it was required by way of denial of facts charged as evidence of plaintiff's right. 1 Bax., 204; 5 Pickle, 679; 1 Pickle, 263. In each of these cases there was a general discussion of the well-understood rule of equity pleading already stated. The last case referred to decided that a plea in abatement to an attachment bill alleging fraudulent conveyance as a ground of attachment was not waived by an answer, even under the rule considered as of application when fraud was a requisite of equity jurisdiction in such.

Bank *v.* Foster.

case. But the question as to effect of our statute giving the Chancery Court jurisdiction of the action for the debt without regard to the fraud was not considered or adverted to. In the first Baxter case decree for the debt was denied when the plea to the jurisdiction on the allegation of fraud was sustained. Such a result could not now follow, under the Act since passed enlarging the jurisdiction of the Chancery Courts. This is mentioned merely to show that this and the other cases cited were all based on the old rule, and were in reference to the old jurisdiction, limited as before shown. In one of them it was held upon the facts that the plea need not be accompanied by answer, and in the other two that answers did not overrule the pleas filed, being again predicated on the peculiar facts.

It was not, therefore, necessary to go further, and decide, though it might well have been done in the 1 Pickle case, that the allegation of fraudulent conveyance, not being essential to jurisdiction under the Act of 1877, the answer would not overrule the plea anyway, because the plea but sought the protection of the property by denying existence of statutory grounds for the attachment and the answer contested the merits of the case, attachment being then but an incident thereof.

Here there is no question of fraud or as to the jurisdiction of the Chancery Court to decree on the merits. The defendant makes no question of jurisdiction of his person. This he waives by

entering his appearance. He stands, then, before the Court, .saying, "I am a resident; I enter my appearance, and seek to contest by plea in abatement the right to attach my property, as any other resident may." It would be a perversion of law to say that he could not do this, and, formulated into a rule, be no more than the proposition that a defendant must always submit to an attachment where he is alleged to be a non-resident, or contest the right to thus appropriate his property only at the expense of making no defense on the merits.

The decree on this point is reversed and the attachment discharged.