## Walton *v.* Walton.

### (*Nashville.* January 11, 1896.)

1. MARRIAGE AND DIVORCE. *Jurisdiction of suit for divorce.*

   The Courts of the county where the wife resides have no juris-
   diction, under ¿ 3309 (M. & V.) Code, of her suit for divorce on
   account of willful and malicious desertion, where the parties
   resided in another county at the time of their separation, and
   the husband, not being a convict, resided in another county
   when the suit was instituted, and was there found and served
   with process.

   Code construed: ¿ 3309 (M. & V.); ¿ 2451 (T. & S.).

   Case cited and approved: Majors *v.* Majors, 1 Tenn. Ch., 265.

2. STATUTES. "*May*" *means* "*shall,*" *wnen.*

   "May" has the force of "shall" in the statute providing that
   suits for divorce on account of desertion "*may* be filed . . .
   in the Circuit or Chancery Court of the county or district where
   the parties resided at the time of their separation, or in which
   the defendant resides or is found, if a resident."

   Code construed: ¿ 3309 (M. & V.); ¿ 2451 (T. & S.).

---

### FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson
County. J. W. BONNER, J.

WIRT HUGHES for Plaintiff.

No counsel for Defendant.

Walton v. Walton.

CALDWELL, J. This is a divorce case, coming on appeal in error by complainant from the Circuit Court of Davidson County. It is alleged in the bill and shown in the proof that the complainant and the defendant were married in Davidson County, where they lived as man and wife for about four years; that afterwards they removed thence to Giles County, where they resided about ten months, when the defendant, after cruelly mistreating the complainant in many ways, willfully and maliciously abandoned and deserted her without any fault on her part; that the complainant thereafter returned to the home of her parents in Davidson County, where she remained, without any support or recognition from the defendant, for more than two whole years prior to the filing of her bill in this case; and that some time after his willful and malicious abandonment and desertion of complainant, defendant took up his abode in Marshall County, where he resided when the bill was filed, and where the proof shows he was found and served with process in this case.

On final hearing the Circuit Judge, although believing complainant had made out a case for absolute divorce, dismissed her bill for want of jurisdiction. The judgment of dismissal is undoubtedly correct. The separation having occurred while complainant and defendant were residing in Giles County, and the defendant having been a citizen of Marshall County when the bill was filed, and having been there found, the suit should have been brought in

one of those counties, and could not rightfully have been brought elsewhere.

The statute upon which the action of the Court below was based, and which is controlling in this case, is as follows: "The bill may be filed in the proper person and name of the complainant in the Circuit or Chancery Court of the county or district where the parties resided at the time of their separation, or in which the defendant resides or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides." Code (M. & V.), § 3309. This provision is mandatory, and not merely directory, the word "may," used in the first line, having the same force and meaning as shall. All the jurisdictional facts or conditions therein named are wanting in this case. The defendant being a resident of the State, and not a convict, and not being found in any other county, the bill should have been filed in Giles or Marshall County. See *Majors* v. *Majors*, 1 Tenn. Chy., 265.

Affirm the judgment.