KNIGHT *et al. v.* COOLEY *et al.*

(*Nashville.   December Term, 1914.*)

1, **APPEAL AND ERROR.   Questions reviewable.   Findings of court of civil appeals.   Conclusiveness.**

A finding of the chancellor and approved by the court of civil appeals is conclusive on the supreme court on *certiorari.* (*Post, p.* 22.)

Cases cited and approved:   State, ex rel., v. Lee, 124 Tenn., 385.

2. **APPEAL AND ERROR.   Questions reviewable.   Assignment of Error.   Certiorari.**

The supreme court, on *certiorari* to review the action of the court of civil appeals refusing to pass on a question and make findings of fact thereon, will on error being assigned to the refusal, and to the effect that the record justifies a finding, look to the record and determine what the fact is.   (*Post, pp.* 22, 23.)

---

FROM HUMPHREYS.

---

Appeal from the Circuit Court of Humphreys County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. J. W. STOUT, Chancellor.

J. F. SHANNON, J. E. TUBB and JAS. T. MILLER, for appellant.

H. C. CARTER, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint in this cause was filed to have determined the order of liability *inter sese* on a note executed by complainants Knight and Gibbons and defendant Cooley, all of whom signed as if comakers.

Complainants claim: First, that they signed, as sureties, for Cooley, as principal, but the chancellor and the court of civil appeals concurred in finding the fact to the contrary, which concurrence concludes the matter in this court. *State ex rel. v. Lee,* 124 Tenn., 385, 136 S. W., 997.

A second insistence of complainants is: That after the note was executed Cooley assumed to pay the same, and thereby took the *status* of primary obligor. The court of civil appeals held that it was not necessary for it to pass upon that question, and it did not do so.

A petition for *certiorari* being filed by complainants, and error assigned upon such failure or refusal, and, further, to the effect that the record shows such assumption by Cooley, this court will look to the record and determine what the fact is in respect to the matter thus pretermitted by the court of civil appeals. We find and hold that Cooley did not assume the payment of the note so as to become primarily liable or to render complainants secondarily liable.

There appears to be some uncertainty on the part of the bar as to the remedy and practice in such cases.

Knight v. Cooley.

Either the losing or the winning party in the court of civil appeals may, by means of his petition for *certiorari* and accordant assignment of errors, have reviewed in this court any question of law or fact which that court may not have passed upon.

The petition for *certiorari* is granted complainants, and the decree of the court of civil appeals modified so as to pass upon the above question, in favor of defendant Cooley, however.