## G. C. TAYLOR et al. v. NATIONAL UNION FIRE INS. CO.

### (Jackson. April Term, 1918.)

1. **INSURANCE. Waiver of forfeiture. Demand for premium.**
 Where insurer demands or accepts payment of premium with knowledge of a breach by the insured which would warrant forfeiture, and a loss thereafter occurs, it is liable on the policy; such demand or acceptance being a waiver of the forfeiture. (*Post, pp.* 152, 153.)

 Case cited and approved: McKenzie v. Planters' Ins. Co., 56 Tenn., 261.

2. **INSURANCE. Waiver of forfeiture. Demand for premium.**
 Where the insurer after a loss inadvertently demanded payment of a premium, the demand was not a waiver of the insured's breach by securing other insurance which entitled the insurer to forfeit the policy. (*Post, pp.* 153-155.)

 Cases cited and approved: Scottish Union & N. Ins. Co. v. Wylie, 110 Miss., 681; Elliott v. Lyconing, etc., Ins. Co., 66 Pa., 22; Rundell v. Anchor Fire Ins. Co., 101 N. W., 517.

 Case cited and distinguished: Phenix Ins. Co. v. Grove, 25 L. R. A., 3.

3. **CERTIORARI. Right to relief.**
 A respondent to a petition for *certiorari* cannot raise a question in the supreme court without himself petitioning for relief and assigning error on the point. (*Post, p.* 155.)

 Case cited and approved: Railroad v. Brock, 132 Tenn., 477.

FROM Gibson.

Appeal from the Circuit Court of Gibson County to the Court of Civil Appeals, and by *certiorari* to the

Taylor v. Fire Ins. Co.

Court of Civil Appeals from the Supreme Court.— Hon. Thos. E. Harwood, Judge.

Taylor & Taylor, for plaintiffs.

Deason, Elder & Holmes, for defendant.

Mr. Justice Williams delivered the opinion of the Court.

This is an action on a policy of insurance issued on plaintiff's dwelling house in the sum of $1,000. The circuit judge directed a verdict in favor of defendant company, but on appeal the court of civil appeal reversed the judgment.

The policy contains a provision that if other insurance should be procured on the dwelling house while the policy was in force the contract of insurance was to be null and void. Plaintiff procured additional insurance in another company to the amount of $800, without the written consent of the insurer being indorsed on the policy as the contract stipulated. Thereafter, on January 1, 1915, the house was destroyed by fire. On January 14th the insurer received information from its local agent of this fact and that such other policy of insurance on the property had been taken.

It appears that the policy in suit was issued for a period of five years from its date, January 27, 1914; the future annual premiums being represented by notes due on February 1st of each year. The first note therefore matured one month after the de-

struction of the house. On February 5th the insurer wrote plaintiff stating that his note was past due, but no attention was paid to this, and on February 15th another letter was sent him asking for remittance, and' stating that on failure the company would be compelled to send plaintiff's note to some attorney with instructions to collect by process of law. As noted, these communications were sent after the company had full knowledge of the breach involved in the overinsurance. Plaintiff urges that thereby the insurer waived its right to insist upon a forfeiture of the policy contract. It is on this question that the lower courts have differed.

The court of civil appeals bases its decision upon the rule appearing in 19 Cyc., 796, to effect that:

"Inasmuch as the acceptance of a premium with full knowledge of a right and intention to assert a forfeiture of a policy for a prior or existing breach of condition would be a fraud upon the insured, the principle is well settled that if the insurer, being cognizant of a right to declare a forfeiture, demands or accepts a premium not already earned and due to it prior to breach, it has 'elected to treat the policy as valid and subsisting, and the forfeiture is waived."

This rule has sound application where the loss occurs after such reception of payment with knowledge of the breach. *McKenzie* v. *Planter's Ins. Co.,* 9 Heisk. (56 Tenn.), 261. Also where the loss occurs after demand for payment, since such demand is wholly inconsistent with a forfeiture, and evidences

a waiver of the right to declare a forfeiture.  A reason why a mere demand for payment of an after-maturing premium constitutes a waiver on the part of the insured is this:  If the policy is subject to be voided, the insured has a right to know how the insuring company will treat it, so that he may protect himself by way of insurance in some other company on the same property in case forfeiture is declared. When the insurer, with knowledge of the breach, demands such payment, that carries assurance to the insured that the policy is in force.  When loss follows, the insurer will therefore be deemed to have waived its right to declare a forfeiture.

But what are the rights of the parties where the loss has preceded the reception of payment or the making of demand by the insurer?

In the instant case the defendant company knew of the breach incident to the overinsurance effected when the payment was demanded by it.

If payment had been received by the company, it might be but fair to hold that the fact worked a waiver of the benefit of the clause stipulating against other insurance.  The insured would then be made to bear a burden which might give  some substantial support to a waiver.  19 Cyc., 798; *Scottish Union & N. Ins. Co.*, v. *Wylie,* 110 Miss., 681, 70 South., 835.

But where a mere demand is made, it would be inequitable for the insured, who ignored it, to claim a waiver when the subject-matter of insurance, the

dwelling house, no longer existed. The demand in this case was evidently inadvertent; in fact it related to a premium installment that could not keep effective a policy on a nonexistent dwelling. Plaintiff had not the remotest idea of paying the premium; nor could the company assume that he would. He was in no way embarrassed, burdened, or injured by the demand for payment; and he is not entitled to recover on the policy, as the circuit judge held. *Elliott* v. *Lycoming, etc., Ins. Co.* 66 Pa., 22, 5 Am. Rep., 323; *Rundell* v. *Anchor Fire Ins. Co.* (Iowa), 101 N. W., 517; and note to *Phoenix Ins. Co.* v. *Grove,* 25 L. R. A. (N. S.), 3, where the annotator thus formulates what we conceive to be the true rule:

"It is manifest that the situation of the parties is different, where the insurer acquires knowledge after loss of a breach of the policy occurring before loss, than it is where notice reaches him before loss. Aside from the requirements in respect to proofs of loss, the contract has fulfilled its purpose when the event which it provides against has happened. The rights of the parties are then fixed. There is no possibility that the insured can be misled to his harm by silence or nonaction of the company as to any breach of the policy which occurred before loss. The company, of course, may pay if it wishes, but if it fails to let the insured know what it intends to do, the latter cannot be injured, for, after loss, it is too late for him to get other insurance. Therefore it would seem to be the logical result of this situation, not

only that mere silence or nonaction on the part of the company will not affect its rights, but that any direct act in the nature of waiver . . . must have put the insurer to some disadvantage, or caused him some expense, before it can be made liable.''

Another question pretermitted by the court of civil appeals is attempted to be raised by plaintiff as respondent to petition for *certiorari* without himself petitioning for relief and assigning error on the point. This cannot be done. *Railroad* v. *Brock,* 132 Tenn., 477, 178 S. W., 1115.

Reverse the judgment of the court of civil appeals, in order to the affirmance of the judgment of the circuit court.