Brown v. Brown.

MARTHA ROWLAND BROWN *v.* JOHN C. BROWN *et al.**

(*Nashville.* December Term, 1923.)

1. **DOMICILE.** Party may have two or more residences but only one domicile.

Party may have two or more residences in the sense that he may have different places of abode, but he can have but one domicile. (*Post, pp.* 90-93.)

Cases cited and approved: Denny v. Sumner County, 134 Tenn., 474; Sparks v. Sparks, 114 Tenn., 666; Keelin v. Graves, 129 Tenn., 103.

Case cited and distinguished: Gildersleeve v. Gildersleeve, 88 Conn., 689.

Code cited and construed: Sec. 4204(S.).

2. **DIVORCE.** Decree dismissing bill for want of jurisdiction held proper; "reside," as used in statute, meaning domicile.

Where defendant husband had a summer residence in P. county, where he was living at separation, but his domicile was in D. county when his wife filed bill in P. county, and for thirty years prior thereto, decree dismissing bill for lack of jurisdiction *held* proper on theory complainant should have filed her bill in D. county where defendant resided, as required by Shannon's Code. Section 4204; "reside" meaning domicile. (*Post, pp.* 90-93.)

Headnote 1. Domicile, 19 C. J., section 2. 2. Divorce, 19 C. J., section 36.

FROM GILES

*On domicile as basis of jurisdiction of divorce, see note in 59 L. R. A., 142.

Brown v. Brown.

Appeal from the Court of Civil Appeals.—HON. THOS. B. LYTLE, Chancellor.

KEEBLE & SEAY and J. M. PEEBLES, for Mrs. Brown.

GEO. THOMAS, JONES & WAGSTAFF, ESLICK & ESLICK, DAVID RHEA and DAVID WADE, JR., for John C. Brown.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a divorce proceeding instituted in the chancery court of Giles county.

The defendant interposed a plea to the jurisdiction of the court, which was overruled by the chancellor, but sustained by the court of civil appeals, and the suit dismissed.

The substance of the plea was that at the time of the filing of the bill, and for 30 years prior thereto, the domicile of the defendant was in Davidson county, and that the word "reside" in the statute was used in its strict legal sense; that is, synonymously with "domicile."

It is well settled that a party may have two or more residences, in the sense that he may have different places of abode, but he can have but one domicile. *Denny* v. *Sumner County*, 134 Tenn., 474, 184 S. W., 14, L. R. A., 1917A, 285; 19 Corpus Juris, 396.

The defendant had a dwelling house at Pulaski, to which he repaired each summer. In other words, he had a summer residence at Pulaski, and was actually living there at the time of the separation.

The statute involved is section 4204 of Shannon's Annotated Code, and is as follows:

"The bill may be filed in the proper person and name of the complainant, in the circuit or chancery court of the county or district where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides."

In construing statutes regulating the subject of divorce, it is generally held that the word "reside" involves the idea of a domicile.

In 19 Corpus Juris, 26, it is said:

"The word 'residence,' as used in divorce statutes, should be construed as equivalent to 'domicile.'"

In the note will be found a long list of decisions supporting the text, and we have found many other decisions to the same effect, but have been unable to find any authorities to the contrary.

In the preceding section of the Code (4203), which provides for 2 years' residence within the State, where the acts complained of were committed out of the State, this court inferentially held in *Sparks* v. *Sparks,* 114 Tenn., 666, 88 S. W., 173, that reside meant "domicile." Sparks sued his wife for divorce in Tennessee. He had actually lived in Washington, filling a government position, for 22 years, but claimed that he still retained his domicile in Tennessee. The court found that he had abandoned his domicile in Tennessee, but impliedly held that had he retained his domicile here, he could have prosecuted his suit in this State; and the courts construe similar statutes with unanimity.

It is also generally held that before a foreign divorce granted against a resident of the State, who was served within the State, will be recognized by the State courts, it

must appear that the paintiff had his domicile in the foreign jurisdiction, since otherwise the foreign court would have no jurisdiction of the marriage status. *Gildersleeve* v. *Gildersleeve,* 88 Conn., 689, 92 Atl., 684, Ann. Cas., 1916B, 920, and cases cited.

"As used in many statutes, however, particularly those relating to the qualification of voters, to homesteads, to taxation, to the statute of limitations, to succession, guardianship, and administration, and in those prescribing the jurisdictional prerequisites to the maintenance of actions for divorce or separation the term 'residence' has been held equivalent to 'domicile.' "

In 19 Corpus Juris, 397, the author says:

"Generally, where a statute prescribes residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, and whenever the terms are used in connection with subjects of domestic policy, domicile and residence are equivalent."

We see no reason for departing from the foregoing rules of construction which are sound and which have the approval of most of the courts of the country.

The courts, on the other hand, with the same unanimity, have construed the word "nonresident," in attachment statutes, to refer to the abode or place where the defendant actually lives, and hold that he may be domiciled within the State and still be a nonresident. *Keelin* v. *Graves,* 129 Tenn., 103, 165 S. W., 232, L. R. A., 1915A, 421; cases collected in 26 A. L. R., 188.

The reason usually assigned for permitting an attachment against one living out of the State is to protect the citizen of the State by authorizing him to seize the property of the debtor, where, from nonresidence or flight, he

Brown v. Brown.

is beyond the process of the State courts, and to compel his appearance to answer the demands of his creditors.

These attachment statutes involve a different principle from those embraced in statutes regulating jurisdiction in matters of divorce, and the two cases are in no sense analogous.

In the instant cause the complainant should have filed her suit at Nashville instead of Pulaski.

We find no error in the decree of the court of civil appeals, and it will be affirmed, with costs.