MARTHA ROWLAND BROWN *v.* JOHN C. BROWN *et al.**

(*Nashville.* December Term, 1926.)

Opinion filed July 15, 1927.

1. COSTS AND RECEIVERS COMPENSATION. Power of trial court to award, on reversal by appellate court, ordering suit dismissed.

A court having jurisdiction of the subject-matter, has power to adjudge costs, though the cause is remanded by the appellate court and suit is ordered dismissed upon plea of defendant, a personal privilege raising the question of the venue for action of divorce. (Post, p. 535.)

Citing: Code 1858, sec. 2451; Shannon's Code (All Editions), sec. 4204; Code 1858, sec. 3215; Shannon's Code, sec. 4957; 12 Enc. Pl. & Pr. 121; Chambers v. Sanford & Treadway, 289 S. W., 533; Brown v. Brown, 150 Tenn., 89; Acts 1917, ch. 107.

2. SAME. Same.

If the court has jurisdiction of the subject-matter, and in the exercise of discretionary power authorizes an attachment and appoints a receiver, such receiver is entitled to his reasonable compensation for services, and such right does not depend upon the correctness of the order appointing or upon the result of the litigation. (Post, p. 538.)

Citing: 34 Cyc. 364; Hicks et al. v. Whiting et al., (M. S.) Knoxville; Lockhart v. Gee, 3 Tenn. Ch. Rep., 332.

3. SAME. Same. Attachment bond.

Where the receiver is made necessary by the attachment and the suit is dismissed, the costs and expenses are a part of the damages resulting from the wrongful suing out of the attachment; and the complainant would be liable upon an attachment bond providing "in case of failure shall pay all costs and damages that may be adjudged in consequence of such failure," etc. (Post, p. 542.)

Citing: Lockhart v. Gee, 3 Tenn. Ch. Rep., 332, 333.

Citing and distinguishing: Springfield v. Hirsch et al., 94 Tenn., 425.

4. **DIVORCE. Venue of action. Waiver.**

A statute limiting the venue of actions transitory in their nature to certain counties of the State, for divorce, does not affect the subject-matter, but which confers a personal privilege upon the defendant in an action which he may waive. (Post, p. 541.)

Citing: Kinnier v. Kinnier, 45 N. Y., 535, 6 Am. Rep., 132; Hall v. Gilmore, 40 Me., 585; Ellis v. Ellis, 55 Minn., 401, 43 Am. St. Rep., 514; 23 L. R. A., 287; Collaman v. Page, 35 Vt., 387; Kenney v. Greer, 13 Ill., 432, 54 Am. Dec., 439; Fred Miller Brewing Co. v. Capital Ins. Co., 111 Ia., 590, 82 Am. St. Rep., 529; Tudor v. Tudor, 101 Ky., 530, 41 S. W., 768; Reger v. Reger (Mo.), 295 S. W., 414, 421; Matter of Moore, 209 U. S., 490, 52 L. Ed., 904, 28 Sup. Ct. Rep., 585; Western Loan & S. Co. v. Butte & B. Consol. Min. Co., 210 U. S., 368, 52 L. Ed., 1101, 28 Sup. Ct. Rep., 720; Panama R. R. Co. v. Johnson, 274 U. S., 375, 385; Ex parte Schollenberger, 96 U. S., 369, 24 L. Ed., 853, 854; St. Louis & San Francisco R. Co. v. McBride, 141 U. S., 127, 35 L. Ed., 659; Toland v. Sprague, 37 U. S., 300, 9 L. Ed., 1093; State v. District Court, 40 Mon., 359, 106 Pac., 1098, 135 Am. St. Rep., 622; Wells on Jurisdiction of Courts, secs. 112, 113; Code 1858, section 2812; Shannon's Code, section 4517.

5. **SUPREME COURT PRACTICE. Error. Certiorari.**

Errors assigned, not questioned by petition for **certiorari**, are waived by parties, and this court is without jurisdiction to consider questions made in Court of Appeals. (Post, p. 542.)

Citing: Murrell v. Rich, 131 Tenn., 378, 412, 414; Knight v. Cooley, 131 Tenn., 21; McKay v. Railroad, 133 Tenn., 590, 595; C. N. O. & T. P. Ry. Co. v. Brock, 132 Tenn., 477, 480; Taylor v. Fire Ins. Co., 140 Tenn., 150-155; Tri-State Fair v. Rowton, 140 Tenn., 304; Lillard v. Tolliver, 285 S. W., 576, 582, 154 Tenn., 304.

6. **JUDGMENT. Void because liability not definitely fixed.**

Where a judgment is rendered for an amount against complainant, but directing if the court was in error in adjudging that amount against complainant, it was adjudged against the defendant, **held** that the decree was void because not definitely rendered against either complainant or defendant. (Post, p. 543.)

Opinion on petition to rehear denied. (Post, p. 543.)

7. **DIVORCE. Jurisdiction. Non-residents.**

The courts of the State would not have jurisdiction of the marital status of the parties, which is the *res*, of an action for divorce, in which neither was domiciled in the State. (Post, p. 547.)

Citing: People v. Dowell (Cooley, J.), 25 Mich., 247-263; 12 Am. Rep., 260; Gettys v. Gettys, 3 Lea (71 Tenn.), 260, 31 Am. Rep., 637; Turpin v. Turpin (Tenn. Ch. App.), 58 S. W., 763.

8. **SAME. Same. Residents.**

The courts are not limited to the county or district in which the same are located, and under the Acts 1859-60, ch. 88, process may be executed in any part of the State, when the action is brought in the county, where the parties resided at the time of their separation, and defendant is found elsewhere in the State. (Post, p. 547.)

Citing and distinguishing: Person v. Person, 6 Humph. (25 Tenn.), 148; Walton v. Walton, 96 Tenn., 25, 33 S. W., 501; Acts. 1835, ch. 26; Code 1858, sec. 2451.

---

*Headnotes 1. Courts, 15 C. J., sections 34, 82; 2. Divorce, 19 C. J., section 52-53; 3. Courts, 15 C. J., section 37; 4. Divorce, 19 C. J., sections 52-53; 5. Equity, 21 C. J., section 130; 6. Divorce, 19 C. J., sections 52-53; 7. Divorce, 19 C. J., section 731; Receivers, 34 Cyc., pp. 364, 365; 8. Certiorari, 11 C. J., section 355; 9. Costs, 15 C. J., section 558; 10. Certiorari, 11 C. J., section 193 (Anno); 11. Attachment, 6 C. J., section 1180 (Anno); 12. Appeal and Error, 3 C. J., section 414; 13. Divorce, 19 C. J., section 768; 14. Divorce, 19 C. J., section 24; 15. Divorce, 19 C. J., section 32 (Anno).

---

### FROM GILES.

---

Appeal from Chancery Court of Giles County to Court of Appeals and by *certiorari* to Supreme Court.—HON. W. B. GARVIN, Chancellor.

KEEBLE & SEAY, J. M. PEEBLES, JONES & WAGSTAFF, ESTICK & ESTICK, DAVID RHEA, JR. and DAVID WADE, JR., for Martha Rowland Brown.

GEORGE M. THOMAS and R. E. LEE, for John C. Brown.

GRANT WADE, for M. H. Long, Receiver.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Petitions for writs of *certiorari* to the Court of Appeals were filed in this cause by M. H. Long, Receiver, and by the original complainant, Martha Rowland Brown. Both petitioners were heretofore granted, and oral argument by counsel for all parties has been heard.

The appeal to the Court of Appeals was from the decree of the Chancery Court of Giles County fixing the amount of compensation due to M. H. Long, as receiver, and certain expenses incurred by him, and adjudging the amount of compensation and certain items of expense against the complainant, Martha Rowland Brown, and a single item of expense, consisting of storage charges upon certain furniture and household goods, against the defendant, John C. Brown.

All parties appealed to the Court of Appeals.

The original bill was filed for a decree of divorce, averring that the final separation of the complainant and defendant took place in Giles County, and that both paraties were residing in that county at the time of the separation.

The statute fixing the venue for actions for divorce, Section 2451 of the Code of 1858; Shannon's Code (all editions), Section 4204, is as follows:

"The bill may be filed in the proper person and name of the complainant, in the Circuit or Chancery Court of the county or district where the parties resided at the time of their separation, or in which the defendant re-

sides, or is found, if a resident; but, if a nonresident or convict, then in the county where the appellant resides.''

The defendant interposed a special plea to complainant's bill asserting that he had not been a resident of Giles County since his marriage to complainant, and that neither he nor the complainant resided in said county at the time of their separation, but were residents of Davidson County, where defendant had resided continuously for more than thirty years.

Issue was joined on this plea, and upon the hearing the Chancellor found against the plea. The case was then carried to the Court of Civil Appeals and thence to this court, in which a decree was rendered sustaining the plea of the defendant. The cause was remanded to the Chancery Court of Giles County with the direction that the property taken from defendant's possession be restored to him and that complainant's suit be dismissed. The opinion of this court on the original appeal is reported under the style of *Brown* v. *Brown,* 150 Tenn., 89.

Complainant's bill prayed for writs of injunction and attachment, supported by averments that unless defendant should be restrained and his property impounded, he would make way with same and so defeat complainant's claim for alimony.

The bill also prayed that a receiver be appointed, to take charge of the defendant's property attached, if necessary; and at the time the bill was presented to the Chancellor for writs of injunction and attachment, application was also made for the appointment of a receiver, pursuant to which the Chancellor appointed the petitioner, M. H. Long, the clerk and master, as receiver. The receiver proceeded at once to locate and take possession of all personal property of the defendant which he could

find, and no application to discharge the receiver was at any time made by the defendant.

Responding to assignments of error made in that court by both complainant and defendant, the Court of Appeals construed the holding of this court on the original appeal, 150 Tenn., 89, as determining "that the Chancery Court of Giles County was without jurisdiction of the subject-matter of this suit." From this premise the Court of Appeals concluded that upon the dismissal of the suit the Chancery Court had no power to adjudge costs against either party, except in so far as such power was conferred upon the court by section 3215 of the Code of 1858; Shannon's Code, Section 4957, which is as follows:

"Where a suit is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the costs shall be adjudged against the party attempting to institute or bring up the cause."

The Court of Appeals construed the statute just quoted as authorizing only the taxation of the ordinary and usual items of costs, and that the compensation and expenses of a receivership are not included within the term "costs" as used in this statute.

Having reached this conclusion the Court of Appeals pretermitted all other questions and reversed the decree of the Chancellor. In the view we take of the case, we do not find it necessary to determine whether the Court of Appeals was correct in the construction of the term "costs" as used in the statute referred to, Section 3215 of the Code of 1858.

The jurisdiction of a court to act on the merits of a particular case includes both jurisdiction of the subject-

matter and jurisdiction of the parties or persons affected by the judgment rendered. The two elements of jurisdiction are not only distinct, but, so far as the particular case is concerned, are of different origin. Thus:

"The elements of this jurisdiction are twofold: first, of the subject-matter adjudged; and second, of the parties whose rights are affected by such judgment or decree. The former of these the court acquires by the act of its creation, and possesses inherently by its constitution; the latter it acquires by its own acts through the medium of its process and its officers." 12 Encyc. Pl. & Pr., 121.

In Encyclopaedia of Pleading & Practice, vol. 12, p. 118, the free use of the word "jurisdiction" in its several aspects is referred to as follows:

"It has been said, that there is perhaps no word in legal terminology so frequently used as the word 'jurisdiction,' so capable of use in a general and vague sense, and which is used so often, by men learned in the law, without a due regard to precision in its application."

This distinction was pointed out by this court in the recent case of *Chambers* v. *Sanford & Treadway,* decided November 20, 1926, and reported in 289 S. W., 533, as follows:

"(3) The distinction between jurisdiction over the subject-matter and jurisdiction of the person was not recognized in *Harr* v. *Booher,* supra. 'Jurisdiction of the subject-matter' relates to the right of the court to adjudicate or to make an award through the remedies provided by law upon facts proved, or admitted, in favor of or against persons who present them or who are brought before the court under sanction of law. Jurisdiction of the subject-matter is not waived by appearance

and may be taken advantage of at any stage of the proceeding, for in such cases the judgment would be *coram non judice.* *Harmon* v. *Tyler,* 112 Tenn., 8, 83 S. W., 1041; *Board of Directors* v. *Bodkin Bros.,* 108 Tenn., 713, 69 S. W., 270; *Baker* v. *Mitchell,* 105 Tenn., 610, 59 S. W., 137; *In re Lumber & Mfg. Co.,* 141 Tenn., 329, 210 S. W., 639.

"(4) 'Jurisdiction of the person,' that is where the court is called upon to act upon the person, and where the process may run to any county in the State, is regarded as formal or modal, and the right to object to the locality of trial is a personal privilege which the party may waive and thereby confer jurisdiction. *Agee* v. *Dement,* 1 Humph., 332; *Glass* v. *Stovall,* 10 Humph., 453; *Bank* v. *Foster,* 90 Tenn., 735, 18 S. W., 267."

In the opinion of this court in *Brown* v. *Brown,* 150 Tenn., 89, the plea interposed by the defendant was referred to as "a plea to the jurisdiction of the court," but the court stated the substance of the plea as being that the defendant was not a resident of Giles County, but was a resident of Davidson County both at the time of the separation and at the time the bill was filed.

After finding that the averments of the plea were sustained by the proof, the court stated its conclusion simply as that "the complainant should have filed her suit at Nashville instead of Pulaski." There is no statement in the opinion that the Chancery Court of Giles County did not have jurisdiction of the subject-matter of the suit.

The authorities holding that a court has no power to adjudge the costs, or even make an order of restoration upon the dismissal of a suit for want of jurisdiction, are all limited to cases in which there is a lack of juris-

diction of the subject-matter. If a court has jurisdiction of the subject-matter of a suit, it has power to adjudge the costs, and it is not necessary therein to invoke the provisions of the statute, Section 3215 of the Code of 1858; Acts of 1917, Chapter 107.

The statute fixing the venue of actions for divorce cannot be construed as making such actions local, as distinguished from transitory actions. The characteristic feature of a transitory action is that ''the right of action follows the person of the defendant.'' Code (S.), Section 4513; Code of 1858, Section 2808. And the statute expressly authorizes an action for divorce in the county where the defendant is found. That it is not a local action is further made clear by the discussion in *Burger* v. *Parker et al.*, 290 S. W., 22.

The question for determination is, therefore, whether a statute limiting the venue of actions transitory in their nature to certain counties of the State operates to deprive or divest the courts of other counties of jurisdiction of the subject-matter of such actions, or whether the restriction of the venue is a personal privilege which the party entitled to assert it may waive and thereby confer jurisdiction.

The clear weight of authority is that such a statute is one which does not affect jurisdiction of the subject-matter but which confers a personal privilege upon the defendant in an action which he may waive. *Kinnier* v. *Kinnier*, 45 N. Y., 535, 6 Am. Rep., 132; *Hall* v. *Gilmore*, 40 Me., 585; *Ellis* v. *Ellis*, 55 Minn., 401, 43 Am. St. Rep., 514, 23 L. R. A., 287; *Collamer* v. *Page*, 35 Vt., 387; *Kenney* v. *Greer*, 13 Ill., 432, 54 Am. Dec., 439; *Fred Miller Brewing Co.* v. *Capital Ins. Co.*, 111 Ia., 590, 82 Am. St. Rep., 529; *Tudor* v. *Tudor*, 101 Ky., 530, 41 S. W., 768; *Reger* v. *Reger* (Mo.), 293 S. W., 414, 421.

In *Kinnier* v. *Kinnier*, 45 N. Y., 535, 6 Am. Rep., 132, the court said:

"The question whether he (plaintiff) was a resident there, so as to enable him to file his bill, was for that court to determine, and although it may have decided erroneously, the decision cannot affect the validity of the judgment."

In *Ellis* v. *Ellis*, supra, referring to an attack upon a judgment because rendered in a suit brought in a county other than that authorized by statute, it was said:

"In this State it might be an irregularity, and if objected to, error, but would not affect the jurisdiction of the court so as to render the judgment void."

In *Tudor* v. *Tudor*, supra, the question at issue depended upon the force and effect of a Kentucky statute fixing the venue of a wife's action for divorce as in the county of her residence at the time of the commencement of her suit. The Court of Appeals of Kentucky construed the statute as fixing the venue when the defendant is proceeded against by constructive service, and held that in all cases in which personal service is had on the defendant, or when he appears and fails to object to the jurisdiction, the objection to the jurisdiction or venue is waived, provided the court be one having jurisdiction to grant a divorce in any case. The court noted the ill effects of a contrary conclusion as leaving "every judgment granting a divorce open to collateral attack wherever and whenever it might be called in question."

The question is similar to that involved in the construction of Federal statutes fixing the venue of suits brought in a Federal Court. The Supreme Court of the United States has repeatedly held that the statutory

limitations of the venue of such a suit are waived by the appearance of the defendant and his failure to make timely objection. *Matter of Moore,* 209 U. S., 490, 52 L. Ed., 904, 28 Sup. Ct. Rep., 585; *Western Loan & S. Co.* v. *Butte & B. Consol. Min. Co.,* 210 U. S., 368, 52 L. Ed., 1101, 28 Sup. Ct. Rep., 720; *Panama R. R. Co.* v. *Johnson,* 274 U. S., 375, 385.

In *Ex Parte Schollenberger,* 96 U. S., 369, 24 L. Ed., 853, 854, the Supreme Court said:

"The Act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive."

This principle is adhered to in many other opinions of the Supreme Court of the United States, of which the following are instances: *St. Louis & San Francisco R. Co.* v. *McBride,* 141 U. S., 127, 35 L. Ed., 659; *Toland* v. *Sprague,* 37 U. S., 300, 9 L. Ed., 1093. In the case last cited the court said:

"Now, if the case were one of a want of jurisdiction in the court, it would not, according to well-established principles, be competent for the parties by any act of theirs to give it. But that is not the case."

The jurisdiction of a Chancery Court is general. It acts *in personam,* and its processes are not limited to persons found within the county. It has jurisdiction over actions for divorce. Its jurisdiction, except as limited by the statutes relating to the venue of actions, is that stated by the Supreme Court of Montana in *State* v. *District Court,* 40 Mon., 359, 106 Pac., 1098, 135 Am. St. Rep., 622, as follows:

"As to the general jurisdiction of the courts of the State, this is co-extensive with its sovereignty, which is

limited only by the territory of the State, and attaches to all the property and persons within the limits thereof. Wells on Jurisdiction of Courts, secs. 112, 113.''

The foregoing principles are recognized and given effect in our statute, Code of 1858, Section 2812; Shannon's Code, Section 4517, which provides: ''If action be brought in the wrong county, it may be prosecuted to a termination, unless abated by plea of the defendant.''

We think it clear from the principles followed in the foregoing authorities that the limitation of the venue of a divorce action between citizens of this State is a personal privilege or exemption, which may be waived by the party authorized to assert it; and it necessarily follows that the statutory limitation does not affect in any way the jurisdiction of the subject-matter of such a suit. We hold, therefore, that the Chancery Court of Giles County did have jurisdiction of the subject-matter of the cause of action stated in the complainant's bill, and that the abatement of the suit by the defendant's assertion of his right to be sued only in another county of the State did not divest the court of its jurisdiction of the subject-matter, nor deprive it of its inherent power to render judgment or decree for the costs.

The case presented to the Chancellor upon the *procédendo* from this court, after the original appeal had sustained the defendant's plea that he was not properly sued in Giles County, was one in which the complainant had failed to sustain the averments of her bill that she was entitled to maintain her suit, and to have the aid of the writs of injunction and attachment, with a receivership, in Giles County. She was in the attitude of one who had wrongfully sued out an attachment, and who had wrongfully placed the property of the defendant in the

hands of a receiver. Since the court had jurisdiction of the subject-matter, it cannot be said that it did not have power or authority to issue the attachment and to appoint the receiver, in the first instance; but these orders were vacated when the defendant was successful in proving facts which defeated complainant's right to maintain her action in Giles County. In such a case the receiver appointed by the court is entitled to his reasonable compensation for his services properly performed, and such right does not depend upon the correctness of the order of appointment, or upon the result of the litigation, provided the appointment was made by a court having general jurisdiction to make it. 34 Cyc., 364; *Hicks et al.* v. *Whiting et al.*, memorandum opinion (Knoxville); *Lockhart* v. *Gee*, 3 Tenn. Chy. Rep., 332.

We hold, therefore, that upon the remand, the Chancellor had power and jurisdiction to determine the reasonable compensation of the receiver and the expenses necessarily incurred in the receivership; and to adjudge such amounts against the parties, according to the principles of equity.

The Court of Appeals decided only the one question, that the Chancellor was without jurisdiction to adjudge the compensation and expenses of the receiver against either party. The defendant did not file a petition for *certiorari,* and the petition and assignment of error of the complainant make the single question that the amount of compensation fixed by the Chancellor was excessive.

Having reached the conclusion that the Chancellor did have jurisdiction to adjudge the compensation and expenses of the receiver, we are without jurisdiction to consider the other questions made by complainant and defendant in the Court of Appeals, except the one ques-

tion presented in complainant's petition for *certiorari*. We cannot review the discretion of the Chancellor in adjudging a part of the expense of the receivership against the defendant. *Murrell* v. *Rich,* 131 Tenn., 378, 412-414; *Knight* v. *Cooley,* 131 Tenn., 21; *McKay* v. *Railroad,* 133 Tenn., 590, 595; *C. N. O. & T. P. Ry. Co.* v. *Brock,* 132 Tenn., 477, 480; *Taylor* v. *Fire Ins. Co.,* 140 Tenn., 150, 155; *Tri-State Fair* v. *Rowton,* 140 Tenn., 304, 306; *Lillard* v. *Tolliver,* 285 S. W., 576, 582.

The receiver has further assigned as error the refusal of the Chancellor to render a decree against the sureties on the several bonds executed by complainant in the course of the proceeding, for the amount decreed against the complainant as the compensation and expenses of the receiver. These bonds include the usual cost bond, injunction bond, attachment bond and a *supersedeas* bond; the last-named bond having been executed by complainant in the Supreme Court as a condition to issuance of the writs of *certiorari* and *supersedeas* to the Court of Appeals on the first hearing in this court, to review the action of the Court of Appeals in sustaining the defendant's plea in abatement.

The Chancellor declined to render judgment on the cost bond for the reason that said bond had been exhausted by judgments for costs, and we find nothing in the record to indicate error in this ruling.

No part of the compensation and expenses of the receiver appear to have been incurred by reason of the suing out of the writs of *certiorari* and *supersedeas,* and we find no justification, therefore, in holding the sureties on these bonds liable for the receiver's compensation and expenses. The same is true with regard to the injunction bond.

The attachment bond, executed in the sum of $1,000, is conditioned as follows:

"Now, therefore, if the said complainant shall prosecute said bill with effect, or in case of failure shall pay all costs and damages that may be adjudged against her in consequence of such failure, and also all costs and damages that may hereafter be recovered against her for wrongfully suing out said writ of attachment, and shall stand to and perform all orders of the court against her in this cause, then this obligation to be void, otherwise to remain in full force and effect."

The receivership was made necessary by the attachment. The receiver was appointed to take possession of and safely keep the property brought into the custody of the court by the writ of attachment. The costs and expenses of the receivership were, therefore, a part of the costs and damages resulting from the wrongful suing out of the attachment.

The condition of the bond is very broad. Its terms subject the sureties to the penalty of the bond unless the complainant, in case of failure to prosecute her bill with effect, "shall pay all costs and damages that may be adjudged against her in consequence of such failure." The amount of the receiver's compensation and expenses was adjudged against complainant because it is a part of the costs and damages consequent upon the failure of complainant to prosecute her bill with effect. *Lockhart* v. *Gee,* 3 Tenn. Chy. Rep., 332, 333.

The case of *Springfield* v. *Hirsch et al.,* 94 Tenn., 425, is not authority against the liability of the sureties on the attachment bond in this cause. There the court held that a certain commission allowed to the receiver "was not a proper element of damages," because the commis-

sion had not been earned; and it was further held that where several parties had secured successive and separate writs of attachment it was error to render a joint judgment against all of them and their several bonds for damages resulting from the wrongful suing out of the writs, there being no joint liability and it not appearing how much of the damage was caused by each attachment.

The decree of this court, to be rendered against the complainant, will, therefore, include the sureties on her attachment bond, to the amount of the bond.

Upon the filing of the *procedendo* from this court, after the defendant's plea in abatement was sustained, the Chancellor made an order fixing the receiver's compensation at $5,000, and rendering judgment for that amount against complainant, but directing that if the court was in error in adjudging that amount against complainant, it was adjudged against the defendant. Both complainant and defendant appealed from this decree, and it was held by this court that the decree was void because not definitely rendered against either complainant or defendant, and the cause was again remanded.

It is now contended by the receiver, by proper assignment of error, that the Chancellor had fixed the receiver's compensation at $5,000 in the order above referred to, and could not thereafter fix a different amount, the order being "a final decree so far as the amount of compensation due the receiver is concerned."

We can find no merit in this contention. Inasmuch as it has been determined that the decree was void as to both the defendant and the complainant, because the liability of neither was definitely fixed, the order contained no element of finality.

Other assignments of error made by the receiver have been considered, and are overruled.

It remains to consider the assignment of error in support of complainant's petition for *certiorari,* to the effect that the amount of compensation allowed by the Chancellor to the receiver is excessive and should be reduced.

Upon a reference to a special master, a report was made to the Chancellor in which the master fixed the receiver's compensation at $3,000. Exceptions having been filed to this report, the Chancellor reduced the allowance to $2500, for which amount the decree was rendered. As stated hereinabove, the Court of Appeals did not pass upon the question.

After a careful review of the evidence found in the record on this point, the court has reached the conclusion that the amount awarded the receiver as compensation is excessive, and that the amount should be reduced to $1500.

It results that the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed, with the modification reducing the compensation of the receiver to $1500, and including the sureties on complainant's attachment bond in the decree for compensation to the amount of the bond.

One-fourth of the costs of the appeal, including the costs of the Court of Appeals and of this court, will be paid by the receiver, and the balance paid in equal parts by the complainant and defendant.

## ON PETITION TO REHEAR.

Our conclusions stated in the opinion on the original hearing were expressly limited to actions for divorce between citizens of this State, by which we meant persons domiciled within the State. Whether the principle followed may be extended to a case in which only the

defendant is domiciled in the State is unnecessary to determine herein. Certainly we have said nothing to indicate that the same principle would apply to a case in which neither of the parties was domiciled in the State. In such a case the courts of the State would not have jurisdiction of the marital *status* of the parties, which is the *res* or subject-matter of an action for divorce. *People* v. *Dawell* (COOLEY, J.), 25 Mich., 247, 263, 12 Am. Rep., 260; *Gettys* v. *Gettys,* 71 Tenn., 260; *Turpin* v. *Turpin* (Tenn. Chy. App.), 58 S. W., 763.

The Circuit and Chancery Courts of the State are given general jurisdiction of actions for divorce by *statute,* and it is immaterial that this jurisdiction is statutory in its origin, rather than inherent. The jurisdiction of these courts in actions for divorce is not limited to the county or district in which the court is located, since, concededly, process in such an action may be executed in any part of the State, when the action is brought in the county where the parties resided at the time of their separation, and the defendant is found elsewhere in the State. The case of *Person* v. *Person,* 25 Tenn., 148, holding the contrary, was decided under the Act of 1835, as set out in the Code of 1858, Section 2451, which did not authorize the filing of a suit in the county in which the parties resided at the time of their separation, as now authorized under the Act of 1859-60, chapter 88.

It was not our purpose to overrule *Walton* v. *Walton,* 96 Tenn., 25, and the conclusion heretofore announced is not inconsistent with the opinion in that case. We have dealt herein only with the powers of the Chancery Court and its jurisdiction of subject-matter; not with its policy or the exercise of its discretion.

The defendant was before the court in *Walton* v. *Walton,* supra, by personal service of process, and the trial

was upon *pro confesso* entered against the defendant. The public policy entering into each action for divorce justified the action of the court in dismissing the suit upon proof that the action should have been brought in another county, as required by the statute fixing the venue; but the effect of our holding herein is that the Circuit Court in the Walton case had jurisdiction of the subject-matter of the suit, and if a judgment had been rendered upon the merits, after the defendant had been personally served with process and had made no defense, such judgment would have been within the power of the circuit court and would not have been subject to collateral attack thereafter.

The complainant complains further that the court did not consider or discuss in the opinion previously filed the contention that the appointment of a receiver was improper and illegal because made at the time the bill was presented to the Chancellor for *fiats* of injunction and attachment and before it had been filed in the office of the clerk.

This contention was overruled by the Chancellor and was not considered by the Court of Appeals. We had reference to it, among other contentions of the complainant, when we held that we were without jurisdiction to consider the other questions made by complainant in the Court of Appeals which were not made the basis of assignments of error in complainant's petition for *certiorari*.

Other matters urged upon the court in the complainant's petition to rehear have been considered and found to be without merit.

The petition to rehear will accordingly be denied.