KELLEY *v.* KELLEY.

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

FRANKLIN PARK, of Jefferson City, for plaintiff.

GEORGE P. BALITSARIS, of Knoxville, and HALE & WISE-CARVER, of Jefferson City, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit to set aside an alleged void decree which was rendered by the Domestic Relations Court of Knox County, Tennessee.

These parties were husband and wife and resided in Hamblen County, Tennessee. The wife, the defendant, came to Knoxville and instituted this suit in the Domestic Relations Court for a divorce and the custody of their minor child and by the decree in that suit, the husband was directed to pay a stipulated sum each month for the support of the child. A divorce was granted.

Although separated, both parties resided in Jefferson County at the time the present bill was filed. This bill had for its purpose to declare void the divorce granted in Knox County.

The Chancellor upheld the divorce granted in Knox County and in so doing sustained the demurrer filed on behalf of the former wife.

The complainant, C. W. Kelley, contends that at the time the bill was filed in Knox County, neither he nor the defendant was a resident of Knox County and never had been.

The complainant herein relies upon Code Section 8429 which reads as follows:

"The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides."

The complainant in the case before us insists that this Code Section is mandatory and he relies upon our holding in *Walton* v. *Walton,* 96 Tenn. 25, 33 S. W. 561, and also *Brown* v. *Brown,* 155 Tenn. 530, 296 |S. W. 356, 359, and that the Court held again that such suit should be dismissed.

In *Brown* v. *Brown,* supra, this Court said:

"The clear weight of authority is that such a statute is one which does not affect jurisdiction of the subject-matter, but which confers a personal privilege upon the defendant in an action which he may waive."

And then, 155 Tenn. at page 541, 296 S. W. at page 359, it was said further:

"We think it clear from the principles followed in the foregoing authorities that the limitation of the venue in a divorce action between citizens of this state is a personal privilege or exemption, which may be waived by the party authorized to assert it; and it necessarily follows that the statutory limitation does not affect in any way the jurisdiction of the subject-matter of such a suit."

It is argued by complainant that this Brown case is in conflict with the holding in the Walton case, but it is to be observed that in *Brown* v. *Brown,* 155 Tenn. 530, 296 S. W. 356, 361, the Court made this statement:

"It was not our purpose to overrule *Walton* v. *Walton* * * * and the conclusion heretofore announced is not inconsistent with the opinion in that case. We have dealt herein only with the powers of the chancery court and its jurisdiction of the subject-matter; not with its policy or the exercise of its discretion.

"The defendant was before the court in *Walton* v. *Walton,* supra, by personal service of process, and the trial was upon pro confesso entered against the defendant. The public policy entering into each action for divorce justified the action of the court in dismissing the suit upon proof that the action should have been brought in another county, as required by the statute fixing the venue; but the effect of our holding herein is that the circuit court in the Walton Case has jurisdiction of the subject-matter of the suit, and, if a judgment had been rendered upon the merits, after the defendant had been personally served with process, and had made no defense, such judgment would have been within the power of the circuit court and would not have been subject to collateral attack thereafter."

While the attack in the present case is a direct attack, it would seem that that could not make any difference.

We are therefore of the opinion that the decree granting a divorce in Knox County is valid and binding upon the parties.

Affirmed.